CASE 106—ACTION FOR DAMAGES FOR PERSONAL INJURY—
JUNE 13.

# Louisville & Nashville R. R. Co. v. Brantley's Administrator.

### APPEAL FROM CHRISTIAN CIRCUIT COURT.

LIMITATION—DEATH OF PERSON INJURED.—A cause of action for suf-
fering accruing to one for personal injury survives to his per-
sonal representative and limitation does not cease to run upon
the death of the person injured. If no personal representative
qualified until the lapse of a year from the injury the cause of
action becomes barred. If, however, a personal representative
qualify before the bar is complete the statutory period of limi-
tation is extended one year from the qualification.

B. D. WARFIELD IN A BRIEF AND SUPPLEMENTAL BRIEF FOR APPELLANT.
(H. W. BRUCE AND JOE McCARROLL OF COUNSEL.)

The judgment below should be reversed for the following rea-
sons:

1. Because the petition did not state a cause of action against
the appellant, and for that reason the court should have carried
the demurrer to the second and third paragraphs of the answer
back to the petition, and sustained it to the petition.

2. Because the court erred in sustaining the demurrer to the
second and third paragraphs of the answer. In sustaining the
demurrer to the second paragraph of the answer, the court neces-
sarily held that any of the actions mentioned in section 3, article
3, chapter 71, General Statutes, might be brought at any time
within twenty-one years after the death of the person to whom
they had accrued, if he died before commencing such action
and the qualification of his personal representative was de-
layed, as it might lawfully be, for the period of twenty years,
lacking a day. And this court can not affirm the judgment of
the lower court without holding that such construction of the
law is correct.

3. Because the court erred in permitting appellee's witness,
Higdon, to testify to matters which were immaterial, irrelevant,
and highly prejudicial, and to which testimony appellant ob-
jected and excepted at the time.

4. Because the court erred in refusing to instruct the jury

[ 54 ]

peremptorily to find for the appellant at the close of appellee's evidence.

5. Because the court erred in refusing to instruct the jury peremptorily to find for the appellant at the close of all of the evidence.

6. Because the court erred in the instructions it gave to the jury, particular instructions "1," "2," "4" and "C," and each of them.

7. Because the court erred in refusing to give to the jury instructions offered by appellant, and, more especially, because of the refusal to give instruction "G" so offered.

8. Because the verdict of the jury is flagrantly against the evidence, is not sustained by the evidence, and is contrary to law.

9. Because the verdict of $5,000 for "pain and suffering" endured by the deceased, the proof of his physicians showing that deceased was kept under the influence of opiates, and that he did not suffer much, is excessive, appearing to have been given under the influence of passion or prejudice.

Citations: L. & N. R. R. Co. v. Brantley's Admr., 96 Ky., 297; Genl. Stats., sec. 43, art. 2, ch. 39; Hansford's Admx. v. Payne & Co., 11 Bush, 380; Connor's Admr'x v. Paul, 12 Bush, 145; Genl. Stats., sec. 3, ch. 57; Henderson's Admr. v. Ky. C. R. Co., 86 Ky., 389; Jordan's Admr. v. C., N. O. & T. P. Ry. Co., 89 Ky., 40; L. & N. R. R. Co. v. Long, 94 Ky., 421; Bogenschutz v. Smith, 84 Ky., 340; Embry v. L. & N. R. R. Co., 36 S. W. R., 1123; Revised Stats. of Indiana, secs. 284, 293; Wile v. Sweeney, 2 Duv., 161; Young v. Duhme, 4 Met., 239; Martin v. McDonald, 14 B. M., 440; Mitchell v. Vance, 5 Mon., 528; Birney v. Hann, 3 A. K. M., 322; Macklin v. Trustees, &c., 88 Ky., 598; Standard Oil Co. v. Tierney, 92 Ky., 377; Beems v. Chicago, &c., R. Co., 26 Iowa, 363; P. R. Co. v. Roy, 102 U. S., 460; 1 Sedgwick on Measure of Damages, 641; 2 Thompson on Negligence, 1263; Brown's Admr. v. L. & N. R. R. Co., 97 Ky., 237; 1 Mon., 170; 3 Dana, 566; 11 Bush, 276; 13 Ky. Law Rep., 554; 14 Ky. Law Rep., 559; Genl. Stats., sec. 3, art. 3, ch. 71; Same, sec. 3, art. 4, ch. 71; Hanna v. Jeffersonville R. R. Co., 32 Ind., 113; L. E. & St. L. Ry. Co. v. Clarke, 152 U. S., 230; Fowlkes' Admr. v. N. & D. R. Co., 9 Heiskell, 831; Trafford v. Adams Express Co., 8 Lea, 96; Hansford's Admr. v. Payne & Co., 11 Bush, 380; Conner v. Paul, 12 Bush, 144.

EDWARD W. HINES, BREATHITT & FOWLER, CULLOP & KESSINGER FOR THE APPELLEE.

(Brief not in the record.)

EDWARD W. HINES FOR THE APPELLEE IN A PETITION FOR A REHEAR-
ING.   (BREATHITT & FOWLER, CULLOP & KESSINGER OF
COUNSEL.)

The construction given by the court to section 2526 of the Ken-
tucky Statutes is one which defeats its prime object. A com-
parison of that section with the section of the Revised Statutes
for which it was substituted will show that it was the intention
of the Legislature to be more liberal to the plaintiff in the mat-
ter of time than was the statute in force before the enactment
of the General Statutes. Revised Stats., sec. 3, art. 4, ch. 63;
Genl. Stats., sec. 3, art. 4, ch. 71; Ky. Stats., sec. 2526; 2 Wood
Limitations, appendix. The statute of limitations is always
more favorable to sureties than to principal debtors and yet sec-
tion 2552, Kentucky Statutes, provides that this limitation as to a
surety "shall not apply to so much time elapsed when there was no
executor, administrator or other person authorized to commence
an action." See further Samm's, &c., v. Wightman, 31 Fla., 35;
Mowry v. Hays, 18 R. I., 523; Brewster v. Brewster, 52 N. Hamp.,
52; Bates v. Kempton, 7 Grey, 382; Cov. & Lex. R. R. Co. v.
Bowler, &c., 9 Bush, 468; Daughla v. De la Guerra, 10 Cal., 387;
Strain v. Babb, 30 S. W. R., 342; Riner v. Riner, 45 Am. St.
Rep., 694.

WALKER D. HINES FOR THE APPELLANT IN RESPONSE TO A PETITION
FOR A REHEARING.

Limitation against the cause of action commenced to run in
Brantley's life time and was completely barred before the per-
sonal representative qualified. Ky. Stats., sec. 2526.

CHIEF JUSTICE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

In July, 1891, John L. Brantley, while in the service of the
appellant, received injuries from which he died within a
few hours. In May, 1895, this action was brought by his
administrator for damages to his intestate by reason of
his pain and suffering. The statute of limitations was
pleaded, but held by the trial court not to apply, and this
is the controlling question in the case. It will be seen
that some three years and ten months elapsed from the
accrual of the cause of action until the institution of the
suit, whereas the section under which the limitation in
such actions is fixed provides as follows: "An action

for an injury to the person of the plaintiff, or his wife, child, ward, apprentice, or servant, or for injuries to person, cattle or stock by railroads, or by any company or corporation; an action for a malicious prosecution, conspiracy, arrest, seduction, criminal conversation or breach of promise of marriage; an action for libel or slander; an action for the escape of a prisoner arrested or imprisoned on civil process, shall be commenced within one year next after the cause of action accrued, and not thereafter." General Statutes, chapter 71, article 3, section 3; Kentucky Statutes, section 2516.

The words "and not thereafter" are · not found in the corresponding section of the Revised Statutes fixing the limitation of the actions indicated above, and it is contended they were added for the express purpose of precluding the application of the following provision of the General Statute: "If a person entitled to bring any action mentioned in the third article of this chapter dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, the action thereon may be brought by his representative after the expiration of that time, if commenced within one year after his qualification." General Statutes, chapter 71, article 4, section 3; Kentucky Statutes, section 2526.

The "third article" referred to in the section last quoted contains numerous provisions as to the limitation of actions other than the provision fixing the limitation of actions for personal injuries, malicious prosecution, etc.; and it is said there is therefore ample room for the operation of section 3, article 4, as to the limitation of actions. The words "and not thereafter" do not occur in any other of these sections of article 3, and the

nature of the actions in these other sections are not such as to demand so speedy a settlement of the issues of the suit, if any were to be instituted.

Inasmuch as it is permissible under our statutes to grant original administration during a period of twenty years after the death of the testator or intestate, the application of the section last quoted to the causes of action mentioned in section 3, article 3, would give, it is argued, a right of action for personal injuries, injuries to cattle, etc., for a period of twenty-one years from the accrual of the cause of action. We can not believe that the Legislature intended to elongate the time for bringing actions on demands of the character indicated to such an unreasonable period. But whether the words *"and not thereafter"* were added to the section for the purpose of making the limitations as to these actions an exception to the provisions of the subsequent section is at least very doubtful.

In Carden v. L. & N. Railroad Co., (March 25, 1897), [39 S. W., 1027], this court held that, when the action was for the death of the person, the limitation was one year, under the section we have first quoted, and being the same section which controls in this case. The court said in that case: "It is admitted by plaintiff that if the cause of action had accrued to his intestate in her lifetime, the running of the statute would not be stayed by her death until the grant of administration, but, having begun, would have continued; and it is not easy to see why, on principle, any distinction should be made between the case where cause of action accrued in the lifetime of an intestate and where it does not accrue until after her death. The only reason that can be given why the statute should

not run in any case is that there is no person to sue, and no person to whom laches can be imputed. But it seems to us that the reason applies to the one case as well as to the other, and, if an exception is allowed in favor of the one, it ought to be extended to the other."

From necessity and the reason of the thing, the statute of one year was applied in the Carden case, although logically, as must be admitted, the cause of action did not accrue until after the death of the intestate; and it never accrued to the deceased at all, but to the personal representative. There is no such difficulty in applying the statute in the present case. The cause of action confessedly accrued to the injured person in his lifetime, and confessedly, too, his death did not stop the running of the statute. But, while the addition of these words "and not thereafter" might seem significant as argued, and might, indeed, be held sufficient, if absolutely necessary, to support appellant's contention that the same period of limitation was intended to be prescribed in actions growing out of the same transaction, yet in view of a construction of the two sections, to be suggested presently, which accomplishes the same result substantially, we do not feel authorized to give the words quoted the importance contended for. To do so would certainly lead us to ignore entirely the provisions of the last section, if they are held to apply; and that they do apply can hardly be denied. It seems to us, however, that the true meaning of the sections, when taken together, is plain enough. Under the first section quoted the limitation is one year from the injury. The death of the injured party does not stop the running of the statute; therefore, unless a personal representative shall qualify within one year from the injury, the action is barred. If he does so qualify, he is given

Louisville & Nashville R. R. Co. v. Brantley's Admr.

another year within which to bring the action. The last section is entirely silent as to when there is to be a qualification. It permits the personal representative to *bring his suit* after the first year is out, but it in no way affects the question as to when he is to qualify in order to stop the running of the statute. As we have already seen, the bar is complete unless there is a qualification within a year from the accrual of the cause of action. Taking the two sections together, there is, we believe, no difficulty whatever as to the meaning. As we have seen, the death does not stop the running of the statute. This is held in an unbroken line of decisions. Without a qualification, then, the bar is complete. Therefore the qualification, to be effectual, *must* be within the year, and that, being within the year, the suit may be brought, as the last section says, after the expiration of the year, if commenced within one year after the qualification. No suit can be maintained by one who has waited until the bar is complete before bringing his action. Only his qualification within the year stops the statute from running, and this does stop it under the last section, because the moment he qualifies, that section interposes to give him another year in which to sue.

This action is barred by time, and the case is remanded for judgment accordingly.