DAVID LUTHER

*v.*

SARAH L. CRAWFORD *et al.*

*Opinion filed February 21, 1905.*

APPEALS AND ERRORS—*when the Supreme Court must affirm.* A judgment of the Appellate Court affirming a judgment disallowing a claim against an estate must be affirmed by the Supreme Court where none of the questions of law discussed by counsel are preserved for review, there being no rulings in the record upon them.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

HARRY A. REHERD, for appellant.

FRANK P. GRAVES, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellant filed in the probate court of Cook county a claim against the estate of Andrew Crawford, deceased, of which appellees are executors, based on the following instrument:

"*May 17th, 1865.*

"Deposited with me by David Luther eight hundred dollars in cash and three hundred dollars in Yorktown bonds, to be delivered on call.

A. CRAWFORD."

After a hearing the claim was allowed at $1160. Appellees appealed to the circuit court, where the case was tried by the court without a jury. The instrument was in evidence, with proof of its execution, and the following facts were also proved: In 1865 Andrew Crawford was the president of a bank at Geneseo, Illinois, and was an attorney and money lender. Appellant has resided in Geneseo over forty years and has been engaged in real estate operations and

loaning money. The Yorktown bonds mentioned in the instrument were part of an issue of bonds of the township of Yorktown, in Henry county, drawing interest at ten per cent, which were paid in full by the town, the last of them in 1871. Crawford continued to reside in Geneseo up to 1873, when he removed to Chicago, where he resided until his death, in 1900. At all times after the instrument was executed Crawford was a wealthy man, able to meet all his obligations, and he was worth over $1,000,000 at the time of his death. The circuit court disallowed the claim and rendered judgment against appellant for costs. He appealed to the Appellate Court for the First District, where the judgment was affirmed, and from the judgment of the Appellate Court he appealed to this court.

Counsel for appellant does not complain of any ruling of the circuit court in the course of the trial, and there are no propositions of law, either held or refused, in the bill of exceptions. The complaint is that the judgment of the circuit court was wrong for the reason that the certificate of deposit created a trust relation, and an action upon it was not barred by any statute of limitations or the lapse of any period of time until a demand should be made. On the other side, it is insisted that the certificate is a promissory note barred by the Statute of Limitations, and that, independently of any statute of limitations, the law raises a presumption that a debt which has been due and without recognition or payment of interest for twenty years has been paid, casting the burden of proof on the creditor to overcome the presumption. The judgment of the Appellate Court is conclusive as to the facts, and there is no ruling in the record on the questions of law discussed by the counsel. What the court held or refused to hold as the law upon those questions does not appear from the bill of exceptions, and we are therefore unable to review the judgment of the court on any question of law.

The judgment is affirmed.       *Judgment affirmed.*