## Halcomb v. Cornett, et al.

(Decided January 23, 1912.)

## Appeal from Letcher Circuit Court.

Limitation—Action by Personal Representative.—Under Section 2526 of the Kentucky Statutes, providing in substance that if a person entitled to bring an action dies before the expiration of the time limited for the commencement thereof, and it survives, it may be brought by his representative after the expiration of that time if commenced within one year after his qualification, the death of the person entitled to·bring the action at any time before the expiration of one year from the time limit for its institution· does not stop the running of the statute; but if he dies within one year before the time limit expires, then the action may be brought by his personal representative after the expiration of the time limit if it is commenced within one year after his qualification.

S. E. BAKER and J. J. WAKEFIELD for appellant.

WOOTON & MORGAN and GREEN & VAN WINKLE for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

The administrator declining to sue this action was brought by the heirs of Ison Stamper against Jesse Halcomb to recover $1,600 that it was alleged Halcomb owed Stamper for the purchase price of about 400 acres of land sold at $4 per acre. Halcomb set up several defenses to the action, but it only seems necessary to notice the plea of the fifteen-year statute of limitations.

The suit was brought in February, 1907, and it is Halcomb's contention that the note which was due one day after date, was executed on March 6, 1891; while the appellees claim it was executed in November, 1892. Isom Halcomb died in 1899 and administration was granted on his estate about two years thereafter. If the note was executed in March, 1891, more than fifteen years had elapsed between the maturity of the note and the institution of the action, and a recovery is barred by the fifteen-year statute of limitations. On the other hand, if the note was executed in November, 1892, the statute had not run against it.

The evidence is practically conclusive that the note was executed in March, 1891, and was due in one day after date. It is true that in the suit of Cornett v.

Stamper, which was on a note executed as a part of the transaction here involved Alexander Stamper in answer to a question on his examination in chief, said "I think the notes were executed on the 14th day of November, 1892, or about that date, and, as well as I remember, they were to pay $4 per acre for the land, and notes were to be payable as soon as the land was run and the acreage ascertained, and were not to bear any interest until a legal demand was made for the money." But, in the course of his examination, his attention was called to the deed made by Isom Stamper to Halcomb, which was presented and showed that it was executed on the 6th day of March, 1891. After inspecting this deed, he said that it was executed on the day it purported to be, March 6, 1891, instead of November 14, 1892, as he had previously stated. He also testified that he wrote the deed as well as the notes, and that both the deed and the notes were written on the same day and at the same place, and in his deposition given in this case he testified that the note executed by Holcomb was due one day after date, and all the other evidence is to same effect.

But, in avoidance of the plea of limitation, the appellees say that as no administration was granted on the estate of Isom Stamper until about two years after his death, that the statute was suspended during this period; and, if this is true, the note was not barred. Section 2526, of the Kentucky Statutes, reads:

"If a person entitled to bring any action mentioned in the third article of this chapter dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, the action thereon may be brought by his representative after the expiration of that time if commenced within one year after his qualification."

Isom Stamper was of course entitled to bring this action at any time after the expiration of one day from the date of the execution of the note in March, 1891; and, as he did not bring the action, the cause of action survived to his personal representative. But, as the personal representative qualified at least five years before the expiration of the time limited for the commencement of the action, the death of Isom did not suspend the running of the statute for a moment. Under the facts the condition is precisely the same as if Isom Stamper had himself lived for fifteen years after the note fell due and had brought suit on it after the expiration of that time.

The words in the section that "an action thereon may be brought by his representative after the expiration of that time if commenced within one year after this qualification" mean that if the personal representative does not bring his suit within the time allowed by the statute—in this case fifteen years—he must bring it in one year after he qualifies. In other words, the creditor has always fifteen years in a case like this to bring his suit, but if he dies within the fifteen years, his personal representative may bring the action within one year after he qualifies, although this may be beyond the fifteen years. He must, however, in every case either sue within the fifteen years from the time the cause of action accrued or sue within one year after he qualifies. This being so, it follows that when he qualifies more than a year before the expiration of the fifteen years he has only the fifteen years to bring the suit. To illustrate, if in a case like this, the creditor dies fourteen years and nine months after the cause of action accrues, and the administrator then qualifies, he has one year from his qualification to file suit; but, if the creditor dies ten years after the cause of action accrued, and the administrator then or at any time longer than one year before the fifteen years expires qualifies, he must sue within fifteen years from the time the cause of action accrued.

The reasons for this construction of the statute are fully stated in Johnson v. Equitable Life Assurance Society, 137 Ky., 437, in which case Southern Contract Company's Assignee v. Newhouse, 119 Ky., 704, relied on by counsel for appellees, was overruled.

It follows from what we said that the plea of the statute of limitations presented a complete bar to a recovery, and the judgment is reversed with directions to dismiss the petition.