## Hodges' Administrator v. Asher.

(Decided May 11, 1928.)

### Appeal from Bell Circuit Court.

1.  Limitation of Actions.—By the great weight of authority, a note payable on demand or on demand after date is payable immediately, and the statute of limitations begins to run from the date of the instrument.

2.  Limitation of Actions.—Where note payable on demand after date was executed in 1905, and payee did not die until 1911, statute of limitations began to run during payee's lifetime, and was not suspended by his death or during the time when there was no administrator.

3.  Limitation of Actions.—Where more than 15 years elapsed after execution of demand note, and administrator of deceased payee did not bring suit thereon within one year after his qualification, as permitted by Ky. Stats., sec. 2526, held that action on note was barred by 15 year statute.

4.  Limitation of Actions.—Fact that maker of notes became surety on bond of administrator of deceased payee and bond of guardian

of payee's child held not alone sufficient to estop maker from pleading statute of limitations, in action on note.

JAMES H. JEFFRIES for appellant.

CLEON K. CALVERT and J. G. BRUCE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

On January 1, 1905, A. J. Asher executed and delivered to W. J. Hodges two promissory notes; one for $980.69, and the other for $1,400.72, each payable "on demand after date."

On April 16, 1927, the First State Bank of Pineville, as administrator of Hodges, brought this suit against Asher to recover on the notes. Asher filed an answer in two paragraphs, pleading, in substance, that each of the notes was barred by the 15-year statute of limitations. Plaintiff's demurrer to each of the paragraphs was overruled, and thereupon it filed a reply by which it sought to avoid the plea of limitations. A demurrer having been sustained to the reply, and plaintiff having declined to plead further, the petition was dismissed. Plaintiff appeals.

Though there is some authority to the contrary, the great weight of authority in America is to the effect that a note payable on demand is payable immediately, and the statute begins to run from the date of the instrument. The basis of the rule is that, as payment can be easily demanded, an actual demand is not necessary to complete the cause of action, but the commencement of a suit is a sufficient demand. The same rule applies to notes payable "on demand after date." 17 R. C. L. 769, 770; Gerke Brewing Co. v. Busse, 11 Ky. Law Rep. 322; O'Neil v. Magner, 81 Cal. 631, 22 P. 876, 15 Am. St. Rep. 88; Fenno v. Gay, 146 Mass. 118, 15 N. E. 87; Kraft v. Thomas, 123 Ind. 513, 24 N. E. 346, 18 Am. St. Rep. 345; Eborn v. Zimpelman, 47 Tex. 503, 26 Am. Rep. 315; Luther v. Crawford, 213 Ill. 596, 73 N. E. 430; Darnall v. Magruder, 1 Har. & G. (Md.) 439. It follows that the plea of limitations was good unless the facts pleaded in the reply were sufficient to avoid the effect of the statute.

Briefly stated, the facts relied on to avoid the plea of limitations are these: The notes were executed on January 1, 1905. The payee, W. J. Hodges, was the son-in-law of A. J. Asher. Hodges died in the month of Jan-

uary, 1911. During the same month his widow, Hettie Asher Hodges, was appointed and qualified as administratrix of his estate, with A. J. Asher as her surety. In April, 1911, a posthumous child, Willie Jean Hodges, was born. In July, Hettie Asher Hodges was appointed, and qualified, as guardian for the child, with A. J. Asher, Sr., as surety. Hettie Asher Hodges, the administratrix and guardian, died in the year 1916. On April 11, 1917, Bennett Asher was appointed, and qualified as guardian for the infant, Willie Jean Hodges, with A. J. Asher, Sr., as surety. Bennett Asher died March 24, 1918. On April 7, Mrs. Chesney Asher Nuckols, another daughter of A. J. Asher, Sr., was appointed, and qualified as, guardian of Willie Jean Hodges, with T. J. Asher, brother of A. J. Asher, Sr., as surety. On April 22, 1922, J. Leon Nuckols was appointed, and qualified as, administrator of W. J. Hodges, deceased, and executed bond with T. J. Asher as surety. Nuckols continued to act until April 11, 1927, when he resigned, and the First State Bank of Pineville was appointed, and qualified as, administrator. It is also averred that at the time of his death W. J. Hodges owed only a few small debts, which have long since been paid; that there are now no debts or liabilities against the estate; that the estate is solvent, and is worth several thousand dollars; and that all of it, including the two notes sued on, belongs to the posthumous child, Willie Jean Hodges.

The notes were dated January 1, 1905, and Hodges, the payee, did not die until the year 1911. Therefore limitation began to run during his lifetime, and was not suspended by his death, Hubbard v. Prather, 1 Bibb, 178, or during the time when there was no administrator. Halcomb v. Cornett, 146 Ky. 339, 142 S. W. 686. On the death of Hodges the cause of action passed to his administrator, and, although more than 15 years had elapsed, the action would have been in time if brought by the administrator within one year after his qualification. Section 2526, Kentucky Statutes; Halcomb v. Cornett, supra. Even if it be conceded that Leon Nuckols, who qualified as administrator of Hodges, on April 22, 1922, could have brought the suit within one year after his qualification, he failed to do so, and there can be no doubt that the action was barred by the 15-year statute, unless the plea of estoppel is available, a question which we shall next consider.

Estoppel is invoked on the ground that Asher was, at times, the surety on the bond of the administrator and the bond of the guardian, and was liable for their default. It is not claimed that he ever did or said a single thing, or neglected to do or say anything, calculated to deceive his principal, or to induce him to postpone action. In other words, no case of intentional or negligent deception is involved. All that he did was to sign his principal's bond, and we are inclined to the view that his suretyship alone was not sufficient to estop him from pleading the statute of limitation.

Judgment affirmed.