RENDERED:  SEPTEMBER 11, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-001252-MR


BRENDA KILLIAN[1] AND JACK
SETTLES                                                                        APPELLANTS


APPEAL FROM LAUREL CIRCUIT COURT
v.         HONORABLE MICHAEL O. CAPERTON, JUDGE
ACTION NO. 18-CI-00660


BARBARA REDNOUR; CARL
SETTLE;[2] AND CHARLES R.
REDNOUR                                                                         APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, KRAMER, AND TAYLOR, JUDGES.

---

[1] We note that Appellants' notice of appeal indicates "Brenda Kay Killion" in the case caption and "Brenda Killian" in the body of the notice.  Her name appears as "Brenda Killion" in the complaint filed in circuit court, but both spellings appear throughout the record before us.  We use the spelling "Killian" in this opinion consistent with the notice of appeal filed with this Court.

[2] We note that Appellants' notice of appeal indicates "Carl Settle" in both the caption and the body and his surname appears as "Settle" throughout the record before us.

KRAMER, JUDGE:  Brenda Killian and Jack Settles appeal from an order of the Laurel Circuit Court dismissing their complaint as untimely filed.  Upon review, we affirm.

The following facts are not in dispute:  On or about September 15, 2008, Earl Settles granted power of attorney to two of his children, Barbara Rednour and Carl Settle.  On September 22, 2008, Carl, as Earl's attorney-in-fact, transferred a parcel of Earl's real property to Barbara.  The transfer was without monetary consideration.  The deed was filed of record on September 29, 2008.  Earl died intestate on September 1, 2011.  On December 4, 2017, two of Earl's other children, Brenda Killian and Jack Settles ("Appellants"), qualified as and were appointed personal representatives of Earl's estate.  On August 9, 2018, the underlying lawsuit was filed, alleging breach of fiduciary duty by Barbara, her husband Charles, and Carl.  The complaint demanded an accounting of the financial activities of Barbara and Carl as Earl's attorneys-in-fact.  In May 2019, Carl, Charles, and Barbara filed a joint motion to dismiss the complaint as barred by the five-year statute of limitations imposed by KRS[3] 413.120(6) for breach of fiduciary duty.  After hearing oral arguments and allowing time for briefing, the circuit court granted the motion.  Appellants filed a timely motion to alter, amend,

---

[3] Kentucky Revised Statute.

or vacate the court's order. Although the circuit court agreed that KRS 413.180(2) was inapplicable to the facts of the case, it otherwise denied the motion. This appeal followed.

At the outset, we note that Appellants' brief is noncompliant in several substantive ways. In contravention of CR[4] 76.12(4)(c)(v), they do not have a preservation statement at the beginning of each argument. They make no citations to the record whatsoever. It is even questionable whether they have cited legal authority *in support* of their arguments. Indeed, the only caselaw cited by Appellants appear in their final "argument" and are cases cited by the circuit court or Appellees, in an attempt to distinguish those cases from the case at hand. CR 76.12(4)(c)(iv) and (v) require ample references to the record and citation to authority supporting *each* argument.

The Court recently addressed these issues in *Curty v. Norton Healthcare, Inc.*, 561 S.W.3d 374 (Ky. App. 2018). Given the length at which the Court in *Curty* urged compliance with CR 76.12(4)(c), we quote the rationale for the rule and the Court's warnings that leniency should not be presumed.

> CR 76.12(4)(c)[(v)] in providing that an appellate brief's contents must contain at the beginning of each argument a reference to the record showing whether the issue was preserved for review and in what manner

---

[4] Kentucky Rule of Civil Procedure.

emphasizes the importance of the firmly established rule that the trial court should first be given the opportunity to rule on questions before they are available for appellate review. It is only to avert a manifest injustice that this court will entertain an argument not presented to the trial court. (citations omitted).

*Elwell v. Stone*, 799 S.W.2d 46, 48 (Ky. App. 1990) (quoting *Massie v. Persson*, 729 S.W.2d 448, 452 (Ky. App. 1987)). We require a statement of preservation:

so that we, the reviewing Court, can be confident the issue was properly presented to the trial court and therefore, is appropriate for our consideration. It also has a bearing on whether we employ the recognized standard of review, or in the case of an unpreserved error, whether palpable error review is being requested and may be granted.

*Oakley v. Oakley*, 391 S.W.3d 377, 380 (Ky. App. 2012). . . .

. . . .

**Failing to comply with the civil rules is an unnecessary risk the appellate advocate should not chance**. Compliance with CR 76.12 is mandatory. *See Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010). Although noncompliance with CR 76.12 is not automatically fatal, we would be well within our discretion to strike Curty's brief or dismiss her appeal for her attorney's failure to comply. *Elwell*. While we have chosen not to impose such a harsh sanction, we strongly suggest counsel familiarize himself with the rules of appellate practice and caution counsel such latitude may not be extended in the future.

-4-

*Curty*, 561 S.W.3d at 377-78 (emphasis added).

Two years have passed since the *Curty* Opinion, and the brief deficiencies have not greatly declined. In June of this year, our Court noted as follows:

> This Court is weary of the need to render opinions such as this one, necessitated as they are by the failure of appellate advocates to follow rules of appellate advocacy. In just the last two years, at least one hundred and one (101) Kentucky appellate opinions were rendered in which an attorney's carelessness made appellate rule violations an issue in his or her client's case. The prodigious number of attorneys appearing in Kentucky's appellate courts lacking the skill, will, or interest in following procedural rules is growing. In 2005, only two (2) Kentucky opinions addressed appellate rules violations. In 2010, the number jumped to eleven (11). In 2015, the number rose slightly to fourteen (14). The average for the last two years is more than three times that. If this is not a crisis yet, it soon will be if trends do not reverse.

> We will not reiterate all that has been said too many times before on this subject. If a lawyer is curious about the importance of these procedural rules or the practical reasons for following them, we recommend reading these opinions in chronological order: *Commonwealth v. Roth*, 567 S.W.3d 591 (Ky. 2019); *Koester v. Koester*, 569 S.W.3d 412 (Ky. App. 2019); *Hallis v. Hallis*, 328 S.W.3d 694 (Ky. App. 2010); *Elwell v. Stone*, 799 S.W.2d 46 (Ky. App. 1990).

*Clark v. Workman*, ___ S.W.3d ___, 2020 WL 3582597, at *1-2 (Ky. App. Jun. 26, 2020) (footnotes omitted).[5]

Appellants' counsel has appeared in forty or more cases before this Court. This is not the first time the Court has cautioned counsel regarding compliance with CR 76.12. Counsel represented Appellant Heidi Weatherly in *Weatherly v. Lake Cumberland Community Association, Inc.*, No. 2015-CA-001468-MR, 2017 WL 3129189 (Ky. App. Jul. 21, 2017). In that case, we opined that

> Heidi's appellate brief includes no citation to *any* portion of the record, much less any portion of the record providing evidence that a genuine issue of material fact exists with respect to those two material elements. CR 76.12(4)(c)(v) states, in part, that an appellant's brief shall contain "[a]n 'ARGUMENT' conforming to the Statement of Points and Authorities, with *ample supportive references to the record* and citations of authority pertinent to each issue of law . . . ." (Emphasis added.) Because Heidi's brief lacks any supportive references to the record, it does not comply with CR 76.12(4)(c)(v). It is not the responsibility of this Court to search the record to find support for her contentions, assuming it exists. *Smith v. Smith*, 235 S.W.3d 1 (Ky. App. 2006). Rather than ordering her brief stricken for this deficiency, however, a more appropriate penalty in this instance is to refuse to consider the merits of her contentions regarding the dismissal of her abuse of process claims. *Cherry v. Augustus*, 245 S.W.3d 766, 781 (Ky. App. 2006).

---

[5] This case has been designated "To Be Published" and became final on August 11, 2020.

*Id.* at *2 (footnote omitted).

In a footnote in the above paragraph in the *Weatherly* Opinion, we noted that due to Appellant's noncompliance with CR 76.12(4)(c)(v), Appellees jointly moved to dismiss her appeal. This Court denied that motion by separate order but would have been well within its discretion to have granted it.

As the caselaw has made perfectly clear, we would be well within our discretion in the present case to strike Appellants' brief as a sanction for failure to comply with CR 76.12. But, the difficulty in this case (and others) is that clients are the ones who are sanctioned by striking the brief and dismissing the appeal. On the other hand, as examined *supra*, the Court is continually in the position of reminding attorneys about deficiencies in briefs and stating that counsel may not be so lucky the proverbial "next time." Given here, however, where counsel frequently practices in this Court and where counsel has been cautioned previously about appellate rule compliance, we believe we have reached the proverbial *next time*. Given **_only_** because the record is not substantially voluminous, we will engage in a review of the matter to determine whether any manifest injustice exists, as to not too severely sanction Appellants for the failings of counsel. Upon review, we discern no manifest injustice in the circuit court's decision.

Appellants urge us to interpret KRS 413.180(1) in a manner that would allow the personal representative of an estate to bring an action within one

year of appointment regardless of whether any underlying statute of limitations had expired on the cause of action. We decline to do so.

KRS 413.180(1) states,

> If a person entitled to bring any action mentioned in KRS 413.090 to 413.160 dies before the expiration of the time limited for its commencement and the cause of action survives, the action may be brought by his personal representative after the expiration of that time, if commenced within one (1) year after the qualification of the representative.

Although Appellants' complaint did not list a statutory cause of action, the circuit court found, and the parties do not dispute, that KRS 413.120(6) applies (*i.e.*, breach of fiduciary duty), and there is a five-year statute of limitations. However, Appellants argue that KRS 413.180(1) allows the personal representative of an estate to bring an action within one year of appointment, regardless if the statute of limitations has long since expired. We disagree.

In the instant action, there is no dispute that the alleged cause of action accrued in September 2008, when Earl's real property was transferred to Barbara by Carl, acting as attorney-in-fact. Therefore, the statute of limitations would have expired in September 2013, and this was unaffected by Earl's death in 2011. The caselaw dictates that KRS 413.180(1) would have been applicable to the facts of this case only if the personal representative had been appointed within one year of September 2013. Because the personal representative was not

appointed until December 4, 2017, the action for breach of fiduciary duty is time-barred and KRS 413.180(1) is inapplicable.

Appellants attempt to distinguish the cases that the circuit court and Appellees relied upon. We conclude that those arguments fail to show a basis for relief. Those cases include *Fix's Executor v. Cook*, 192 Ky. 731, 234 S.W. 453 (1921) and *Halcomb v. Cornett*, 146 Ky. 339, 142 S.W. 686 (1912). The *Fix's Executor* Court undertook an in-depth analysis of *Halcomb*, 142 S.W. 686. The decedent in *Fix's Executor* was the creditor on a promissory note (*i.e.*, a fifteen-year statute of limitations to bring suit to collect); however, "the nominated executor failed to qualify for eleven years after the death of Fix and six years after the probate of his will, and about two years after the period of limitation expired, and neither he nor any of the beneficiaries under that will took any steps looking to his qualification, or that of any other person, until after the period of limitation had expired." 234 S.W. at 455. In examining the holding in *Halcomb*, our highest Court found

> [i]n *Halcomb v. Cornett*, when the court said, "The
> creditor has always 15 years in a case like this to bring
> his suit, but if he dies within the 15 years, his personal
> representative may bring the action within one year after
> he qualifies, although this may be beyond the 15 years,"
> it had in mind a case like the one it was dealing with; that
> is, where the qualification of the personal representative
> had taken place before the limitation period had expired.
> That is apparent from the following part of the opinion,
> wherein it is said that, if the personal representative

qualifies more than a year before the expiration of the limitation period, he must bring the suit within the original period, but, *if he qualifies at any time within one year of the expiration of the limitation period, he has one year from his qualification in which to file the suit, even though that extends beyond the ordinary limitation period.*

*Id.* (emphasis added).

In examining the predecessor to KRS 413.180(1),[6] the Court reiterated that "it is our view that the section quoted applies only to the qualifications of personal representatives before the statutory period has expired, and has no

---

[6] Looking to the predecessor of KRS 413.180(1), which was known at the time as Section 2526 of the Kentucky Statutes (Russell's St. § 192), our highest Court has also held that:

The death of the injured party does not stop the running of the statute; therefore, unless a personal representative shall qualify within one year from the injury, the action is barred. If he does so qualify, he is given another year within which to bring the action. The last section is entirely silent as to when there is to be a qualification. It permits the personal representative to bring his suit after the first year is out, but it in no way affects the question as to when he is to qualify in order to stop the running of the statute. As we have already seen, the bar is complete unless there is a qualification within a year from the accrual of the cause of action. . . . As we have seen, the death does not stop the running of the statute. This is held in an unbroken line of decisions. Without a qualification, then, the bar is complete. Therefore the qualification, to be effectual, must be within the year, and that, being within the year, the suit may be brought, as the last section says, after the expiration of the year, if commenced within one year after the qualification. *No suit can be maintained by one who has waited until the bar is complete before bringing his action.*

*Louisville & N.R. Co. v. Brantley's Adm'r*, 106 Ky. 849, 51 S.W. 585, 586 (1899) (emphasis added).

-10-

application to a qualification by a personal representative after the limitation period has expired." *Id.*

In the instant action, Earl passed away on September 1, 2011. At the time of his death, there would have been just over two years left before expiration of the statute of limitations for breach of fiduciary duty. However, no one attempted to qualify as the personal representative of Earl's estate until over six years after his death. The reasons for the delay are unknown, but they are also irrelevant. By the time Appellants qualified as personal representatives of Earl's estate, the five-year statute of limitations had long since expired. Appellants argue that the circuit court's interpretation of KRS 413.180(1) unfairly shortens the statute of limitations, but this is a misinterpretation of the caselaw. Further, the interpretation of the statute urged by Appellants would impermissibly *extend* any applicable statute of limitations by an undetermined length of time. Here, Appellants seek an extension of almost five years.[7] We agree with the high Court's reasoning in *Fix's Executor* and conclude that such a delay is beyond the purpose of the legislation. *See id.*, 234 S.W. at 455.[8]

---

[7] From the time that the statute of limitations would have expired in September 2013 until suit was filed in August 2018.

[8] *See also Hodges' Administrator v. Asher*, 224 Ky. 431, 6 S.W.2d 451 (1928). In that case, our highest Court held that an action filed in 1927 to collect on promissory notes dating from 1905 was untimely even though the current administrator of the estate filed within one year of appointment.

There clearly was no manifest injustice in this case. Accordingly, we affirm the Laurel Circuit Court.


ALL CONCUR.


BRIEFS FOR APPELLANT:          BRIEF FOR APPELLEES:

Tommie L. Weatherly           Darrell L. Saunders
London, Kentucky              Amanda L. Hill
                              Corbin, Kentucky