El Paso & Northwestern Railway Company et al. v.
S. S. McComus.

Decided May 25, 1904.

1.—Personal Injuries—Action for Damages—Laws Governing.

Where plaintiff's injury occurred in this State, though caused by the negligent loading of a car of lumber in another, the laws of this State will govern an action for damages caused by such injury.

2.—Charge—Weight of Evidence—Assuming Uncontroverted Fact.

A charge is not on the weight of evidence which assumes as proved a fact established by the undisputed evidence.

3.—Same—Vice-Principal—Servant Assuming Ordinary Care on Part of Master.

Though plaintiff may have assisted in the loading of the car of lumber which caused his injury, he may not have known that it was improperly loaded, or, if he did, he may not have known of the danger arising therefrom, and in the absence of knowledge to the contrary he could act upon the assumption that defendants, through their vice-principal, the foreman in charge of the work, had used ordinary care to see that the car was properly loaded. Charge on this point approved.

4.—Same—Negligence—Unusual Accident.

Plaintiff, a bridge carpenter, was sitting in front of an open door of a box car when he was struck by a piece of lumber which fell from a flat car just in front of the one in which he was riding. Held, that the fact that the accident occurred in a peculiar and unusual manner, not to be expected, did not prevent the act of defendant from being negligent where the loading of the car without fastening the lumber threatened danger in many ways which could have been foreseen. Special requested charge on this issue properly refused.

Appeal from the District Court of El Paso. Tried below before Hon. J. M. Goggin.

*Clark, Hawkins & Franklin,* for appellants.

*P. H. Clarke* and *Beall & Kemp,* for appellee.

NEILL, Associate Justice.—This is an action brought by appellee against appellants to recover damages for personal injuries caused by the latters' negligence. The appeal is from a judgment of $4500 in favor of the plaintiff. This is the second appeal from a judgment against them of the railroad companies in this case. The report of the first will be found in 72 S. W. Rep., 629, to which reference is made for a more particular statement of the case.

*Conclusions of Fact.*—On and prior to the 17th day of July, 1900, the plaintiff was in the employ of defendants as a bridge carpenter. In pursuance of his employment he left Alamogordo, New Mexico, on that day in a mixed train operated by defendants over their line of railway, riding in a box car provided by defendants for the accommodation and transportation of their bridge gang, of which plaintiff was a member, for Fort Bliss, in El Paso County, Texas, with orders from his employers to repair the bridges along their line of railway. In front

of the car in which plaintiff was riding there was in the train a flat car carrying lumber and other material for the work to be done by plaintiff and the bridge gang. The lumber was loaded on the car by appellants in an unsafe and negligent manner, and in such condition was being transported by them over their road. While the train with the car so negligently loaded was nearing Fort Bliss, in El Paso County, Texas, a piece of lumber, by reason of such negligent loading and unsafe condition, fell or was thrown from the flat car and struck the plaintiff, who was sitting in the box car provided for his transportation, in front of an open door, knocked him down, broke and shattered his jaw bone, and otherwise seriously, painfully and permanently injuring him, to his damage in the amount found by the jury. The proximate cause of his injuries was said negligence of the defendants, unmixed with and not contributed to in any way by any negligence on his part, nor were his injuries proximately caused by any of the ordinary risks assumed by him incident to his employment.

*Conclusions of Law.*—1. It being shown that the car from which the lumber fell was loaded in the Territory of New Mexico, the defendants offered to prove the laws of that Territory for the purpose of showing that plaintiff was a fellow servant with all the members of the bridge gang, including its foreman and scratch boss, who directed and superintended loading the lumber on the car, and that under such laws, by reason of his being such fellow servant, he was not entitled to recover. The exclusion of the testimony is the basis of defendants' first assignment of error. This identical question was presented to and passed upon by us on the prior appeal, and we held the testimony inadmissible for the reason that "the injury occurred in Texas, and, if it was caused by the negligence alleged, the laws of this State and not of New Mexico would determine the liability of appellants for the injury." In Baltimore & O. S. W. Ry. Co. v. Reed, 24 Am. and Eng. Ry. Cases (N. S.), p. 408, it is said: "All cases agree that, whatever the law of the forum may be, the plaintiff's case must stand, if at all, so far as his right of action is concerned, upon the law of the place where the injury occurred."

2. By a special charge given at the request of the plaintiff, the court instructed the jury, "that in considering the question of contributory negligence of the plaintiff, if any, you are instructed that the undisputed evidence in the case shows that the said flat car was loaded under the direction and supervision of the foreman of the bridge gang, whose duty it was to see that said flat car was properly loaded before it was placed in the train, and in the absence of knowledge to the contrary, plaintiff had the right to act upon the assumption that said foreman had done his duty, and if you so believe from the evidence, you will not find against the plaintiff on the ground of contributory negligence." An examination of the statement of facts in the record discloses that the undisputed evidence shows that the flat car was loaded

under the direction and supervision of the foreman of defendants' bridge gang, whose duty as their vice-principal was to see that it was properly loaded before placed in the train. And, as when a fact is established by the undisputed evidence the trial court may, in its charge, assume such fact as proved, the objection that the charge was upon the weight of the evidence is unavailing. As we said in our opinion on the prior appeal, though appellee may have assisted in loading the car, or have been present when it was done, he may not have known that it was improperly loaded, or if he knew that it was, he may not have known of the danger arising therefrom, and in the absence of knowledge to the contrary, he had the right to assume and act upon the assumption that appellants, through their vice-principal, had discharged the duty of using ordinary care to see that the car was properly loaded. These questions as to plaintiff's knowledge were properly submitted to the jury in the charge, and when the special charge complained of and the main charge of the court are taken together as an entirety, it seems to us impossible for the jury to have been misled as to the law applicable to the facts. It appears to us that the charge, when taken as a whole, presents the law upon the issue of contributory negligence so plainly and clearly that no intelligent jury could have mistaken or been misled by it.

3. The third assignment of error complains that the court erred in refusing to charge the jury at the request of defendants "that although they believed from the evidence that the injury complained of by plaintiff was occasioned by the negligence of defendants, yet if they further believed that at the time when the flat car was loaded, received and accepted for transportation, an ordinarily prudent, careful and intelligent man would not under the circumstances have anticipated that plaintiff would have been injured by reason of the fact that the lumber was so loaded in an unsafe condition, or that the injury would result from said lumber being transported while so loaded, and that it could not have been foreseen or reasonably anticipated or expected that an injury would result from said transportation of said lumber so loaded, then in such event the transportation of said car so loaded was not the proximate cause of the injury suffered by plaintiff, and they should find for the defendants." The court did not err in refusing to so instruct the jury. It may be true that the accident was of such extraordinary form that under its peculiar circumstances it could not have been expected to happen to the plaintiff sitting where he was, yet the loading of the car without using any diligence to fasten the lumber thereon, and receiving and carrying it in the train with the unfastened lumber, was negligence, for it threatened danger in many directions. Therefore, as is said in Texas & P. Ry. Co. v. Carlin, 60 Law. Rep. Ann., 462, "It was liable to produce familiar results which would cause serious injury. The fact that it happened to cause the injury in a manner so unusual that it was not to be expected, does not prevent the act from being negligent when it was likely to cause injury in a way that might be foreseen. It may be true that the negligence in this case produced an effect not before ob-

served, the circumstances of which could not have been anticipated. But if the negligence was liable to produce other and familiar injuries, the peculiarity of the accident does not prevent liability." The opinion as quoted was on a writ of error sanctioned by the Supreme Court of the United States, and is in accord with all of the text books on negligence, and in harmony with the decisions of the courts of last resort in this State.

4. Our conclusions of fact and what we have said upon the assignments of error considered dispose of the remaining assignments adversely to the defendants.

There is no error assigned that requires a reversal of the judgment. Therefore it is affirmed.

*Affirmed.*

Writ of error refused.