Mrs. Sharon COX et al.

v.

McDONNELL-DOUGLAS
CORPORATION.

Civ. A. No. A-78-CA-003.

United States District Court,
W. D. Texas,
Austin Division.

Dec. 11, 1980.

William D. Lynch, Spivey & Grigg, Broadus A. Spivey, Austin, Tex., Papadakis, Betts & Cooke, John Betts, Houston, Tex., for plaintiffs.

Graves, Dougherty, Hearon & Moody, Robert J. Hearon, Jr., John T. Anderson, David H. Donaldson, Jr., Austin, Tex., for defendant.

## OPINION AND ORDER

GARCIA, District Judge.

This is a suit for damages for the wrongful death of Captain John T. Cox, United States Air Force, brought by his widow and minor children. Captain Cox was killed on or about January 13, 1970 in the crash of his RF-4C aircraft near Mountain Home, Idaho. The airplane was designed and manufactured by Defendant McDonnell-Douglas Corporation in the State of Missouri.

Plaintiffs allege that the occurrence resulted from defects in the design and manufacture of the angle-of-attack system and the ejection system. Suit was filed on January 5, 1978 in the United States District Court in Austin, Texas, the present residence of Mrs. Sharon Cox and her family. Jurisdiction is based on diversity of citizenship.

McDonnell–Douglas submitted its Motion for Summary Judgment on the ground that the cause of the action is barred by the statutes of limitations of both Missouri and Idaho. Plaintiffs assert that Missouri law does not apply and that under Idaho law, a cause of action exists which must be brought within the limitation provisions of the statutes of Texas, the forum state, under Article 4678, Vernon's Annotated Texas Statutes. Minority disability, the discovery rule and fraudulent concealment are cited as reasons for the tolling of the two year limitation period in Article 5526, V.A.T.S. The primary issue to be decided, then is to the law of which State shall this Court look in determining whether a cause of action for Plaintiffs exists.

The conflict–of–law rules, being of a substantive nature, are to be determined in a diversity case, by the law of the forum, Texas. *Klaxon v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Defendant argues the applicability of the "most significant relationship" test as enunciated in the Restatement (Second) of Conflicts and adopted by the Texas Supreme Court in *Gutierrez v. Collins*, 583 S.W.2d 312 (Tex.1979). This test requires that a Court apply the substantive law of the State which has the most significant relationship to the occurrence and the parties. It should be noted, however, that *Gutierrez* was decided subsequent to the 1975 Amendment of Article 4678, V.A.T.S., and expressly held that the 1975 Amendment should not be given retroactive effect. Section 6 of the Restatement (Second) of Conflicts, cited in the *Gutierrez* opinion, provides that a Court must follow a statutory directive of its own State on choice of law, and, only if none exists, should the law of the State with the most significant rela-

tionship be determinative. Article 4678 entitled "Death in a foreign State" is such a directive and precludes, in this case, the application of the Restatement test.

The pre–1975 version of the Article 4678 provided in relevant part as follows:

Whenever the death ... of a citizen of this State or of the United States ... has been or may be caused by the wrongful act, neglect or default of another in any foreign State ... for which a right to maintain an action and recover damages thereof is given by the statute of law of such foreign State ..., such right of action may be enforced in the Courts of this State within the time prescribed for the commencement of such action by the statutes of this State. The law of the forum shall control in the prosecution and maintenance of such action in the Courts of this State in all matters pertaining to the procedure.

The statute clearly states that the substantive law to be applied is that of the State where "the wrongful act, neglect or default" by the Defendant occurred. Plaintiffs argue that Idaho, the place of the crash and death of Captain Cox is where the wrongful act, neglect or default occurred while Defendant responds it is Missouri, the place of design and manufacture of the aircraft which caused the crash.

This is not a case where the negligent act and injury occurred in the same State as in *Click v. Thuron Industries, Inc.*, 475 S.W.2d 715 (Tex.1972) (airplane crash in Missouri allegedly caused by negligence of the pilot–applying Missouri law), *Francis v. Herrin Transportation Company*, 432 S.W.2d 710 (Tex.1968) (automobile accident in Louisiana allegedly caused by negligence of Defendant's driver–applying Louisiana law) and *Marmon v. Mustang Aviation, Inc.*, 430 S.W.2d 182 (Tex.1968) (airplane crash in Colorado allegedly caused by negligence of the pilot–applying Colorado law). Apparently no Texas Court has faced choosing between the place of the negligent act and the place of the injury in a wrongful death case. The more narrow issue, then, is to determine the meaning in Article 4678 of "the wrongful act, neglect or default."

A similar question was addressed by the United States Supreme Court in *Richards v. United States*, 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962). The Petitioners were the personal representatives of passengers killed when an airplane, owned by the Respondent, American Airlines, crashed in Missouri while en route from Tulsa, Oklahoma to New York City. Suit was filed against the United States in the Federal District Court in Oklahoma on the theory that the Government, through the Civil Aviation Agency, had "negligently failed to enforce the terms of the Civil Aeronautics Act and the regulations thereunder which prohibited the practices then being used by American Airlines, Inc., in the overhaul depot of Tulsa, Oklahoma." Petitioners sought application of the Oklahoma Wrongful Death Act which contains no limitation on the amount of recovery. The Government sought indemnity from American Airlines, which suggested that the Court apply the Missouri Wrongful Death Act which limited the amount of recovery to $15,000.00.

The Federal Tort Claims Act was the applicable statutory directive for the first choice of law problem. Section 1346(b) of the Act read in pertinent part as follows:

"... the district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

The Supreme Court stated that the issue was to decide to which State the words "where the act or omission occurred" referred. The justices recognized that "where the negligence and the injury normally occur simultaneously and in a single jurisdiction, the law to be applied is clear, and no solution to the meaning of the words

'the law of the place, where the act or omission occurred' is required." (369 U.S. 1, 9, 82 S.Ct. 585, 591, 7 L.Ed.2d 492). The Court further stated:

"... we must, of course, start with the assumption that the legislative purpose is expressed by the ordinary meaning of the words used. We believe that it would be difficult to conceive of any more precise language Congress could have used to command application of the law of the place where the negligence occurred than the words it did employ in the Tort Claims Act." (369 U.S. 1, 9, 82 S.Ct. 585, 591, 7 L.Ed.2d 492)

The Court, rejected the argument by American Airlines that Congress intended the words "act or omission" to refer to the place where the negligence had its operative effect, i. e., Missouri. In the final analysis, Missouri law was applied but only after the initial reference to Oklahoma case law which provided that the law of the place of injury, not of the negligent act, was determinative. The relative wording of Article 1346(b) of the Federal Tort Claims Act is in no significant way, different from Article 4678. The Texas Statute does not point to the law of the place "where the cause of action arose," "the place of injury" or "the place where the tort occurred." The statute clearly refers to the State where the Defendant committed the wrongful act. The intention of the State legislature in using the words it did, must be followed. This Court holds that in referring to the place where the wrongful act, neglect or default occurred, Article 4678, as it existed prior to 1975, intended that the law of the State where the negligent act or omission actually occurred be applied, rather than the law of the place of the injury.

■ In the case at bar, Plaintiffs allege negligence and strict liability of Defendant in the design, manufacture and sale of the RF–4C aircraft. All of these events undeniably occurred in the State of Missouri. The wrongful acts, neglect or default, if any, were therefore, committed in Missouri. The operative effect of these acts or omissions occurred in Idaho. The Court is bound under Article 4678 to look to the law

of Missouri to determine if a cause of action for Plaintiffs exists.

■ The question now to be answered is whether Plaintiffs had, at the time the suit was filed, a substantive right under Missouri law to maintain this action, i. e., is the Missouri Wrongful Death Statute, Section 537.080, peremptive or prescriptive? The Missouri statute creates a right of action and also incorporates an express limitation upon the time within which suit can be filed. If this is not complied with, a Plaintiff is no longer legally entitled to recover damages. The built–in limitation period is of a substantive nature and destroys the right to sue if the special limitation period has expired. *Crenshaw v. Great Central Ins. Co.*, 527 S.W.2d 1, 5 (Mo.Ct.App.1975). See *Click v. Thuron Industries, Inc.*, 475 S.W.2d 715 (Tex.1972). *See, also, Francis v. Herrin Transportation Company*, 432 S.W.2d 710 (Tex.1968), and *Penry v. Wm. Barr, Inc.*, 415 F.Supp. 126 (E.D.Tex.1976).

The Missouri statute, as it existed in 1970, provided a cause of action by the spouse or minor children of the deceased, if suit was filed within one year after death of Captain Cox. Mrs. Cox and her children brought this action almost eight years thereafter. No cause of action remains existing to which Texas limitation law can apply under Article 4678.

■ The Court is unconvinced that the statute was tolled at any time. Under Missouri law, the minority of a Plaintiff does not toll the limitation provision in a wrongful death action. *Edmondson v. Lakeside Hospital Ass'n.*, 562 S.W.2d 361 (Mo.Sup. 1978). This rule was criticized by the dissenting opinion of *Kausch v. Bishop*, 568 S.W.2d 532 (Mo.Sup.1978) but was followed by the majority and must be applied here. In *Frazee v. Partney*, 314 S.W.2d 915 (Mo. Sup.1958), the Missouri Supreme Court discussed the limitation provision in the wrongful death statute and held that since a special limitation period was created, the running of the statute could not be tolled because of fraud, concealment or any other reason not provided in the statute itself. The tolling provisions and exceptions of the general statutes are inapplicable. The Court felt that the legislature was the proper body to engraft exceptions into the special limitation statute. *See, Hellebrand v. Hoctor*, 331 F.2d 453 (8th Cir. 1964); *Buder v. Merrill, Lynch, Pierce, Fenner and Smith*, 486 F.Supp. 56, 59 (E.D.Mo.1980).

This Court has not been made aware of any special Missouri tolling statute for minority disability, fraudulent concealment or for failure to discover the cause of action, in wrongful death cases. Citing *Frazee v. Partney, supra*, p. 921:

"Undoubtedly a hardship has resulted here ... We are forced to construe the cold, clear words of the statute, and if its scope is to be enlarged, we feel that the remedy is legislative, not judicial."

Far be it that a Federal district court in one state create exceptions to the application of the law of another state. Until such time that the Missouri legislature sees fit to engraft tolling provisions into the limitation section of the wrongful death statute, this Court is bound to apply the law which creates a one year limitation period for filing of wrongful death actions.

It is therefore, ORDERED, ADJUDGED and DECREED that the Motion for summary judgment of Defendant McDonnell–Douglas be, and it is hereby GRANTED.