Mrs. Sharon **COX**, Individually and As Next Friend for Her Minor Children, Bridgette Cox, Jennifer Marie Cox and John Thomas Cox, and As Community Survivor of John T. Cox, Deceased, Plaintiffs-Appellants,

v.

**McDONNELL–DOUGLAS CORP., et al.,** Defendants-Appellees.

No. 81–1046.

United States Court of Appeals, Fifth Circuit.

Jan. 11, 1982.

Rehearing Denied Feb. 2, 1982.

---

Papadakis, Betts & Cooke, John A. Betts, Houston, Tex., William D. Lynch, Spivey, Hazel & Grigg, Paul E. Knisely, Broadus Spivey, Austin, Tex., for plaintiffs-appellants.

Graves, Dougherty, Hearon, Moody & Garwood, John T. Anderson, Robert J. Hearon, Austin, Tex., for defendants-appellees.

Before THORNBERRY, TATE and WILLIAMS, Circuit Judges.

TATE, Circuit Judge:

The plaintiffs' decedent, an air force captain, was killed on February 13, 1970, when his aircraft crashed in Idaho. On January 5, 1978, almost eight years later, Captain Cox's widow and his three minor children brought this wrongful death action in a Texas federal district court against McDonnell-Douglas Corporation and its affiliated companies ("McDonnell-Douglas"), which designed and manufactured the aircraft. The aircraft was designed and manufactured in the state of Missouri. The plaintiffs claim damages based on negligence and products strict liability.

The district court found that Missouri law governed the case, and that the plaintiffs' cause of action was barred in its entirety by the Missouri statute of limitations. Accordingly, the court rendered a summary judgment in favor of the defendants, and the plaintiffs appeal. We find (1) that Idaho, rather than Missouri, substantive law governs; and (2) that the action is not barred by the applicable statutes of limitation, at least not with respect to the minor children. Therefore, we reverse the judgment of the district court.

## I.

The facts of this case are set forth in detail in the opinion of the district court. *Cox v. McDonnell-Douglas Corp.*, 503 F.Supp. 202 (W.D.Tex.1980). The only issue before us is whether the plaintiffs' wrongful death action against McDonnell-Douglas is barred by whatever statute of limitations is applicable. To resolve that issue, we must first determine which state's time-bar law governs this case: the law of *Idaho*, in which the decedent's wrongful death occurred; or that of *Missouri*, in which the defendant's negligent or deficient design and manufacture occurred; or that of *Texas*, the forum state in which suit was brought. However, since prior to 1975 the Texas wrongful death statute, article 4671, Rev.Tex.Stat.Ann., did not create a cause of action for a wrongful death that occurred outside the state, *see Marmon v. Mustang Aviation, Inc.*, 430 S.W.2d 182, 185 (Tex. 1968), it is undisputed that Texas *substantive* law does not apply. Thus, the central issue is, initially, whether Idaho or Missouri law governs as to whether the present action is time-barred so as to be unenforceable in the courts of Texas.

The choice of law question arises because of the following conflict of laws:

(1) Missouri's wrongful death statute, §§ 537.080 *et seq.*, Mo.Rev.Stat.Ann., which in 1970 contained a two-year limitation period of a substantive, peremptory nature, i. e., expiration of the two-year period prior to suit being filed destroyed the right of action, not merely limited the remedy. Mo. Rev.Stat.Ann. § 537.100 (as it existed at the time of the death and of institution of this action); *Crenshaw v. Great Central Insurance Co.*, 527 S.W.2d 1, 4–5 (Mo.App.1975).[1] The Missouri statute of limitations is not tolled by minority. *See Edmonsond v. Lakeside Hospital Ass'n*, 562 S.W.2d 361, 363 (Mo.1978). The plaintiffs concede that if the Missouri statute is applicable, the district court's judgment barring their action must be affirmed.

(2) Idaho's wrongful death statute, Idaho Code § 5–311, which does not incorporate a peremptory statute of limitations, but rather is subject to the general prescriptive two-year Idaho tort statute of limitations, Idaho Code § 5–219. Further, Idaho has a six-year minority tolling provision. Idaho Code § 5–230.

(3) Texas's two-year tort statute of limitations actions, article 5526, Tex.Rev.Civ. Stat.Ann., pursuant to which limitations are tolled during the entire period of a plaintiff's minority. Article 5535, Tex.Rev.Stat. Ann.

All parties agree that because the action was brought in Texas, Texas conflict-of-law rules govern. *See Klaxon v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). The parties further agree that the issue turns on the construction given to the pre-1975 version of article 4678, Tex.Rev.Civ.Stat.Ann. Article 4678 was amended in significant respect in 1975, but the Texas Supreme Court has expressly held that the 1975 amendments are not to be applied retroactively. *See Gutierrez v. Collins*, 583 S.W.2d 312, 317 n. 3 (Tex.1979).

"Before enactment of article 4678 in 1913, rights of action for wrongful death arising in other states or countries could not be enforced in the courts of this State." *Francis v. Herrin Transportation Co.*, 432 S.W.2d 710, 712 (Tex.1978). The pre-1975 version of this 1913 statute applicable to the present litigation relevantly provides: Whenever a death has been caused by "the wrongful act, neglect or default of another in any foreign State . . . for which a right to maintain an action and recover damages

---

1. By virtue of a 1979 statutory amendment, § 537.100 now provides for a three-year limitations period. Although the pre-1979 § 537.100 established a two-year limitations period for wrongful death actions, the Missouri supreme court interpreted § 537.080 as requiring the surviving spouse and children to file suit within one year from the date the cause of action accrued. The court interpreted the statute as only allowing the decedent's parents to file suit during the second year of the limitations period. *See Edmonsond v. Lakeside Hospital Ass'n., supra; State ex rel. Kansas City Stock Yards v. Clark*, 536 S.W.2d 142 (Mo.1976) (en banc).

thereof is given by the statute or law of such foreign State . . ., such right may be enforced in the courts of this State within the time prescribed by the statutes of this State." [2]

The issue of statutory interpretation before us is whether "the wrongful act, neglect or default" in a foreign state refers to the place of the negligence or to the place of the wrongful death. In most instances, of course, they will be the same. However, as will be seen, for purposes of the pre-1975 version of this statute, the Texas courts have considered the wrongful act as giving rise to a cause of action in the place of the injury. So to speak, "the wrongful act, neglect or fault" is not considered an actionable "wrong" until it results in injury. As contemplated by the statute as originally enacted, an action for wrongful death was created by the state in which the death occurred; thus article 4678 intended to permit enforcement in Texas courts of foreign-based actions for wrongful death when a cause of action therefor was "given by the statute or law of *such* foreign State"—*i. e.*, the state in which the action for wrongful death arose, contemplated to be the state in which the wrongful-death injury was sustained.

## II.

The plaintiffs claim that the pre-1975 article 4678 directs the application of the law of the state in which the death occurred, in this case Idaho. The defendants, on the other hand, argue that the statute dictates application of the law of the state in which the allegedly "wrongful act, neglect or default" occurred, in this case Missouri.[3] Both sides agree that the Texas legislature probably did not seriously consider the possibility that a wrongful act in one state might cause a death in another state; indeed no Texas decision is cited to us that involves the application of the statute to this situation.

The district court agreed with the defendants that Missouri law governs this case. The court declared:

The Texas Statute does not point to the law of the place "where the cause of action arose," "the place of injury" or "the place where the tort occurred." The statute clearly refers to the State where the Defendant committed the wrongful act. The intention of the State legislature in using the words it did, must be followed. This Court holds that in referring to the place where the wrongful act, neglect or default occurred, Article 4678, as it existed prior to 1975, intended that the law of the State where the negligent act or omission actually occurred be applied, rather than the law of the place of the injury.

503 F.Supp. at 204.

■ Although we agree with the district court that the more literal interpretation of article 4678 is that the law of the place of the wrongful act should apply, we find that, as interpreted by the Texas courts, article 4678 calls for application of the law of the

---

**2.** Article 4678 was enacted in 1913, see 3 Vernon's Sayles Texas Civil Statutes, art. 4704a (1914), and amended in immaterial respects in 1917, see 2 Vernon's Texas Civil and Criminal Statutes 1918 Supplement, art. 7730½. The full text of this provision, which was in force at the time of the wrongful death and which governs this litigation, is as follows:

Whenever the death or personal injury of a citizen of this State or of the United States, or of any foreign country having equal treaty rights with the United States on behalf of its citizens, has been or may be caused by the wrongful act, neglect or default of another in any foreign State or country for which a right to maintain an action and recover damages thereof is given by the statute or law of such

foreign State or country, such right of action may be enforced in the courts of this State within the time prescribed for the commencement of such actions by the statutes of this State. The law of the forum shall control in the prosecution and maintenance of such action in the courts of this State in all matters pertaining to the procedure.

**3.** The Texas supreme court has indicated that in actions brought pursuant to the amended version of article 4678, which both sides agree is inapplicable to the present case, the "most significant contacts" test rather than the lex loci delicti rule should be applied to determine the applicable law. *See Gutierrez v. Collins, supra,* 583 S.W.2d at 317 n.3.

place of the allegedly wrongful death. This is because the Texas courts interpret the pre-1975 article 4678 as a codification of the judicially-created lex loci delicti rule.[4]

Prior to the landmark decision of *Gutierrez v. Collins, supra*, the Texas courts for over a hundred years applied the lex loci delicti rule to resolve conflicts of law in all actions sounding in tort. *See, Gutierrez*, 583 S.W.2d at 313 and cases cited therein. However, prior to the enactment of article 4678 in 1913, actions for wrongful death arising in other states or countries could not be enforced in Texas courts. *See Francis v. Herrin Transportation Co.*, 432 S.W.2d 710, 712 (Tex.1968), and cases cited therein. Article 4678 permitted the Texas courts to entertain foreign wrongful death actions, but with respect to choice of law questions, the "statute merely declared what had been the universal rule, that the lex loci delictus must determine the nature of the cause of action, and the extent of the recovery, while the forms of remedies and the methods of pursuing same are determined by the law of the forum." *El Paso & Juarez Traction Co. v. Carruth*, 255 S.W. 159, 159 (Tex. Com.App.1923, judgment adopted by Texas Supreme Court) (quoted in *Gutierrez, supra*, 583 S.W.2d at 314, as an authoritative interpretation).

Accordingly, pursuant to article 4678, "it is the cause of action given by the laws of the country *where the injury occurred* that [Texas] courts are authorized to enforce." *Id.* (emphasis added). The "law of the state *in which the negligent killing occurred*" governs in an action brought pursuant to the pre-1975 article 4678. *Jones v. Louisiana Western Ry. Co.*, 243 S.W. 976, 978 (Tex.Com.App.1922, judgment adopted by

Texas Supreme Court) (emphasis added). In pre-1975 wrongful death actions, article 4678 "compels the application of the lex loci delicti rule," pursuant to which the rights of the plaintiff turn "on the substantive law of the place *where the injury occurred.*" *Gutierrez, supra*, 583 S.W.2d at 315, 313.

Although the Texas Supreme Court unequivocally stated in *Carruth, Jones*, and *Gutierrez* that the pre-1975 article 4678 calls for application of the law of the place of injury, these cases arguably are distinguishable on the ground that, in these cases, the injury and the wrongful act causing the injury occurred in the same state. Nevertheless, closer examination shows that at the time the statute was enacted, Texas courts would apply the law of the place of injury, even in cases where the wrongful act occurred in a different state.

In *El Paso & N. W. Ry. Co. v. McComas*, 36 Tex.Civ.App. 170, 81 S.W. 760 (1904, writ refused), for example, which was decided prior to the enactment of article 4678, employees of the defendant railroad loaded lumber into a railroad car in a negligent manner. The negligent loading occurred in New Mexico. Because of the negligent loading, a piece of lumber fell and struck the plaintiff while the train was passing through Texas. The court held that the plaintiffs' action was governed by the law of Texas, the state in which the injury occurred, rather than the law of New Mexico, the state in which the negligent act occurred. 81 S.W. at 761. This holding is representative of the prevalent *contemporary* interpretation and application of the lex loci delicti rule at the time, where the negligence occurred in one state and the injury in another.[5]

---

**4.** The district court did not consider the Texas jurisprudence construing article 4678. In addition to the literal wording of the statute, the court relied on the United States Supreme Court's decision in *Richards v. United States*, 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962). The *Richards* court interpreted the choice of law provision of the Federal Tort Claims Act, 28 U.S.C. § 1346(b), as directing application of the law of the place of the wrongful act rather than the law of the place of injury. However, the wording of the federal statute is somewhat

different from that of Texas article 4678, and, in any event, it is the construction given to the Texas statute by the Texas supreme court that is controlling.

**5.** The *McComas* decision was in complete accord with the prevailing doctrine of that era. *See, e. g., Alabama G.S.R. Co. v. Carroll*, 97 Ala. 126, 11 So. 803 (1892) (negligence in Alabama caused injury in Mississippi; law of Mississippi governs); *Otey v. Midland Valley R. Co.*, 108 Kan. 755, 197 P. 203 (1921) (sparks

■ Thus, it appears (1) that the Texas courts interpret the pre-1975 article 4678 as a mandate to apply the judicially-created lex loci delicti rule in a foreign statutory wrongful death action, and (2) that the lex loci delicti rule, as interpreted by the Texas courts at the time article 4678 was enacted, calls for application of the law of the place of injury, even in instances where the injury and the act that causes the injury occur in different states. In fact, in holding that article 4678 calls for application of the "law of the state in which the negligent killing occurred," the 1923 *Jones* court cited *McComas, supra*, the 1904 case that held that the lex loci delicti rule calls for application of the law of the state in which the injury occurred, rather than the law of the state in which the negligent act occurred. Accordingly, we hold that the present case is governed by the substantive law of Idaho, the state where the allegedly wrongful death of Captain Cox occurred, rather than by the law of Missouri.

### III.

Having determined that Idaho substantive law governs this wrongful death action, we now reach the issue of the applicable statute or statutes of limitation.

The plaintiffs contend that only the Texas statute of limitations is applicable because the Idaho statute of limitations is procedural rather than substantive. The defendants, in contrast, assert that, even though the Idaho statute is procedural, the plaintiffs cannot maintain this action unless it was filed prior to the expiration of the limitations period of *both* Texas and Idaho. While conceding that the Texas limitations period has *not* expired, at least not with respect to the minor plaintiffs, the defendants argue that the Idaho limitations period *has* expired, even with respect to the minor children, so that the judgment of the district court must be affirmed even if, as we have determined, Idaho rather than Missouri substantive law governs.

We ultimately do not now decide whether the plaintiffs' action would be time-barred unless filed prior to the limitation period of *both* Texas and Idaho statutes. We need not decide this question with regard to the action asserted on behalf of the minor children, for (see below) as to them the action was timely filed under both Texas and Idaho law. And as to the plaintiff widow's claim, which we remand for further determinations (see part V *infra*), this issue may not arise on the remand (see note 8 *infra*). We therefore do not now reach this difficult issue in an evolving area of Texas law.

■ The plaintiff widow relies upon the principle that Texas applies its own procedural law, unless the foreign limitations period is determined to be "substantive", in which case only the foreign limitations period is relevant. *See State of California v. Copus*, 158 Tex. 196, 309 S.W.2d 227, 230–31, *cert. denied*, 356 U.S. 967, 78 S.Ct. 1006, 2 L.Ed.2d 1074 (1958). A limitations period is considered substantive "where the statute creates a right and also incorporates a limitation upon the time within which the suit is to be brought," because in such instances "the limitation qualifies the right so that it becomes a part of the substantive law rather than procedural." *Id.* 309 S.W.2d at 231. See also *Gaston v. B. F. Walker, Inc.*, 400 F.2d 671, 673 (5th Cir. 1968).

The defendants concede that the Idaho statute of limitations is procedural rather than substantive, and that under the *Copus-Gaston* rationale only the Texas statute of limitations would be deemed applicable. They contend, however, that the later decision of *Francis v. Herrin Transportation Co.*, 432 S.W.2d 710 (Tex.1968), mandates a different rule in a foreign wrongful death action brought in Texas pursuant to article 4678. They also rely on *Click v. Thuron Industries, Inc.*, 475 S.W.2d 715 (Tex.1972). The analytical methodology used by the Texas Supreme Court in *Francis* and *Click*

from engine in Kansas set fire to barn in Oklahoma; law of Oklahoma governs); *Moore v. Pywell*, 29 App.D.C. 312, 9 L.R.A. (N.S.) 1078 (1907) (poison negligently used in filling pre-

scription in District of Columbia for Maryland patient who used it in latter state; Maryland law governs); Restatement of the Law of Conflict of Laws (First) § 377, illustration 1 (1934).

supports McDonnell-Douglas' contention that both the Idaho and Texas statutes limitation are applicable in the present case, even though the Idaho statute is undisputedly procedural rather than substantive. However, neither *Francis* nor *Click* amounts to a square holding to this effect because the foreign statutes of limitation involved in those cases were "substantive" rather than procedural. The Texas supreme court has apparently never squarely faced the question of the applicability of a foreign procedural statute, such as Idaho's, in a foreign wrongful death action brought in Texas pursuant to article 4678. *Francis* and *Click* could arguably be distinguished on this basis, especially in view of the fact that article 4678 expressly dictates: "The law of the forum shall control in the prosecution and maintenance of such action in the courts of this State in all matters pertaining to the procedure."

## IV.

As stated, we need not now decide whether the Texas supreme court would require satisfaction of both the Texas and Idaho statutes because, at least with respect to the minor children, we find that the plaintiffs have tolled both the Texas and Idaho statutes.

■ McDonnell-Douglas does not dispute the fact that the children tolled the Texas statute of limitations. Although Texas has a two-year statute of limitations covering wrongful death actions, article 5526, Tex. Rev.Stat.Ann., that statute does not run during the period of a plaintiffs' minority pursuant to article 5535, Tex.Rev.Stat.Ann. Moreover, under Texas decisional law, a minor may bring a wrongful death action even if the surviving parent's action is time-barred. *See Texas Utilities Co. v. West*, 59 S.W.2d 459 (Tex.App.1933, writ refused n.r.e.).

While conceding that the minor plaintiffs have timely filed this action as a matter of Texas law, McDonnell-Douglas contends that the minor plaintiffs' action is time-barred under Idaho law. Idaho has a two-year wrongful death statute of limitations, Idaho Code § 5–219, and by virtue of Idaho Code § 5–230, Idaho allows minors an additional six years beyond the two-year period of § 5–219 to file their action. Thus, minors have a total of eight years in which to file an action, and the minor plaintiffs in this case filed this suit prior to the expiration of the eight year limitations period.

■ The defendants assert, however, that, contrary to Texas law, Idaho law establishes that once the limitations period expires with respect to any possible plaintiff, the entire cause of action is barred, even with respect to those persons protected by the minority tolling provision. Therefore, according to the defendants, because the limitations period has expired with respect to Mrs. Cox, the minor children are barred from prosecuting this action. We disagree.

McDonnell-Douglas has not cited any Idaho authority in support of its construction of Idaho law. Instead, the defendants rely on a nineteenth-century Kentucky decision, *Louisville & N.R. Co. v. Sanders*, 86 Ky. 259, 5 S.W. 563 (1887), and two California intermediate court decisions, *Haro v. Southern Pacific Railroad*, 17 Cal.App.2d 594, 62 P.2d 441 (1936), and *Sears v. Majors*, 104 Cal. App. 60, 285 P. 321 (1930). The two California decisions were specifically overruled in *Cross v. Pacific Gas & Elec. Co.*, 60 Cal.2d 690, 36 Cal.Rptr. 321, 323, 388 P.2d 353, 355 (1964). The authorities in states with wrongful death statutes similar to Idaho's are unanimous in concluding that expiration of the limitations period with respect to one possible plaintiff does not bar an action by statutorily-protected minor plaintiffs.[6] We have no doubt that the Idaho

---

6. *See, e. g., Cross, supra; Hun v. Center Properties*, 626 P.2d 182, 187–88 (Hawaii 1981); *Switzer v. Reynolds*, 606 P.2d 244, 247–49 (Utah 1980); *Sprecher v. Magstadt*, 213 N.W.2d 881, 884–85 (N.D.1973); *Parker v. Chrysler Motors Corp.*, 88 Nev. 560, 502 P.2d 111, 112 (1972); *Frost v. Hardin*, 1 Kan.App.2d 464, 571 P.2d 11, 14–17 (1977), *aff'd*, 224 Kan. 12, 577 P.2d 1172 (1978). *See also Haakanson v. Wakefield Seafoods, Inc.*, 600 P.2d 1087 (Alaska 1979); *Wilbon v. D.F. Bast Co., Inc.*, 48 Ill.App.3d 98, 8 Ill.Dec. 260, 365 N.E.2d 498

supreme court would agree with the rationale of these cases;[7] "the interests of the [minor] claimants, ostensibly protected by the legislature, should [not] be destructible by the apathy of others." Developments in the Law, *Statutes of Limitations*, 63 Harv. L.Rev. 1177, 1230 (1950).

Accordingly, because the minor plaintiffs filed this action prior to the expiration of the applicable limitations period of both Idaho and Texas, the summary judgment in favor of McDonnell-Douglas must be reversed.

### V.

While the minor plaintiffs' action clearly is not time-barred, there is considerably more doubt with respect to Mrs. Cox's claim. She, of course, is not entitled to the benefit of the minority tolling provision, so her action is presumptively barred because the two-year limitations period provided by both Texas and Idaho law expired before Mrs. Cox filed this action. However, she claims that the Air Force misled her as to the nature of her husband's fatal accident. She therefore claims that her action is not time-barred because she is entitled to the benefits of the so-called "discovery rule" and the "fraudulent concealment" doctrine. Because Mrs. Cox conceded that Missouri law recognizes neither of these doctrines, the district court did not reach these issues,

since the court determined that the substantive law of Missouri, rather than Idaho, governed. Without expressing any opinion on the facts or the law as to whether Mrs. Cox's action is time-barred, we vacate the summary judgment entered against her and remand so that the district court may make a first instance determination on her "discovery rule" and "fraudulent concealment" claims.[8]

### Conclusion

In summary, we find that the district court erred in holding that this action is governed by Missouri substantive law, rather than the law of Idaho. We do not decide whether the statute of limitations of either Texas or Idaho, or of both together, is applicable to the present case, because the minor plaintiffs clearly filed this action prior to the expiration of either the Texas or the Idaho limitations period. All questions regarding whether Mrs. Cox's action is time-barred are reserved for first instance determination by the district court. Accordingly, the judgment dismissing the plaintiffs' action is REVERSED with respect to the minor plaintiffs and VACATED with respect to Mrs. Cox. The case is REMANDED to the district court for further proceedings in accordance with this opinion.

(1977), *aff'd*, 73 Ill.2d 58, 22 Ill.Dec. 394, 382 N.E.2d 784 (1978).

7. As the basis for its decision that the "running of the statute of limitations against adult heirs . . . does not affect the rights of minor plaintiffs in a wrongful death action," the California supreme court in *Cross* relied on its previous decisions which had held that the contributory negligence of one heir does not preclude recovery by others. 36 Cal.Rptr. at 322, 388 P.2d at 354. Noting that the Idaho and California wrongful death statutes are "substantially the same," and relying heavily on California authorities, the Idaho supreme court has likewise held that the contributory negligence of one spouse in the death of the other spouse does not bar a wrongful death action by the children. *Clark v. Foster*, 87 Idaho 134, 391 P.2d 853, 859–61 (1964).

Even more significantly, the Idaho supreme court, citing *Cross* with apparent approval, has held that even where some heirs have settled their wrongful death claims against a tort-

feasor, other heirs who have not settled may still file suit, if the tortfeasor was aware of other potential plaintiff heirs at the time of the settlement. *Hogan v. Hermann*, 101 Idaho 893, 623 P.2d 900, 903–904 (1980). Also citing *Cross*, Justice Bistline, concurring in result in *Hogan*, noted that the Idaho wrongful death statute "was adopted verbatim from the California Code," and that the Idaho supreme court "has regularly held that the decisions of the courts of the state from which statutes are adopted are persuasive in interpreting our similar statutes." 623 P.2d at 915.

8. Should the district court determine that Texas and Idaho law are materially different with respect to the "discovery rule" and the "fraudulent concealment" doctrines, the court might then have to reach the question we have today pretermitted, *i. e.*, whether the plaintiffs had to file their action prior to the expiration of the limitations period of Idaho, Texas, or both.

REVERSED WITH RESPECT TO MINOR PLAINTIFFS; VACATED WITH RESPECT TO MRS. COX.