■ THOMAS THOMASIAN, Respondent, v. ESSO STANDARD OIL COMPANY, Appellant.— In an action to recover damages for breach of a contract to supply heating oil, and for other relief, the appeal is from an order of the City Court of Mount Vernon denying appellant's motion for an order directing the respondent to submit to a further examination before trial with respect to items concerning assignment of the respondent's cause of action to his insurance carrier. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.

■ SUSIE TRAPANI et al., Appellants, v. LESTER SAMUELS et al., Respondents.— In an action to recover damages for alleged malpractice, and for medical expenses and loss of services, the appeal is (1) from an order dated May 3, 1956 dismissing the complaint for failure to prosecute, (2) from the judgment entered thereon, and (3) from an order dated June 6, 1956 denying a motion for reargument. Order dated May 3, 1956 and judgment unanimously affirmed, without costs. The disputed claim of continuing settlement negotiations is not a sufficient explanation for the delay. Appeal from order dated June 6, 1956 dismissed, without costs. No appeal lies from the order denying a motion for reargument. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ. [See 4 A D 2d 681.]

■ MORTON TYSON, Respondent, v. JAMES J. BITTNER, Appellant.— In an action to recover damages for personal injuries alleged to have been sustained when a motor vehicle owned and operated by appellant struck respondent, a pedestrian, the appeal is from a judgment entered on a jury verdict for $10,000 in favor 'of respondent. Judgment reversed and a new trial granted, with costs to appellant to abide the event. It was error to exclude the entry in the nurses' notes in the hospital record that respondent was " apparently intoxicated " (*Williams* v. *Alexander,* 309 N. Y. 283; *Reed* v. *Order of United Commercial Travelers of America,* 123 F. 2d 252; *D'Amato* v. *Johnson,* 140 Conn. 54; *Leonard* v. *Boston El. Ry. Co.,* 234 Mass. 480). The interpretation and significance of the entry were matters for the jury. We cannot say that the erroneous exclusion did not affect, and could not have affected, the verdict. Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ., concur.

## (April 29, 1957)

■ ANNE McDONOUGH, as Administratrix of the Estate of ROBERT M. McDONOUGH, Deceased, Respondent, v. ANTHONY J. CESTARE, as Administrator of the Estate of GENEVIEVE SHINN, Deceased, Appellant.— Motion for leave to appeal to the Court of Appeals denied. Present — Nolan, P. J., Wenzel, Beldock, Hallinan and Kleinfeld, JJ. [See *ante,* p. 201.]

■ MINNESOTA MINING & MANUFACTURING COMPANY, Respondent, v. TECHNICAL TAPE CORP. et al., Appellants, et al., Defendants.— Motion referred to the court that rendered the decision. Present — Nolan, P. J., Wenzel, Beldock, Hallinan and Kleinfeld, JJ. Motion for reargument denied, with $10 costs. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ. [See *ante,* p. 759.]