**Barbara ROSENBERG, Individually, and as Personal Representative of the Heirs and Estate of Stanley Rosenberg, Deceased, Plaintiffs-Appellants,**

v.

**The CELOTEX CORPORATION, et al., Defendants-Appellees.**

No. 84–1623.

United States Court of Appeals, Fifth Circuit.

Aug. 5, 1985.

Frederick M. Baron & Associates, Jane N. Saginaw, Dallas, Tex., for plaintiffs-appellants.

Don W. Kent, Murl E. Smith, Tyler, Tex., for Celotex.

Baker & Botts, Arthur Stamm, Houston, Tex., for Owens-Illinois, Inc.

Vial, Hamilton, Koch, Tabb, Knox & Stradley, Newton J. Jones, Jeffrey S. Lynch, C. Douglas Calvert, Dallas, Tex., for Raybestos-Manhattan.

Joe Michael Russell, Jack K. Smith, Corsicana, Tex., for Eagle-Picher Industries.

Before BROWN, POLITZ and JOLLY, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

This is an appeal from the dismissal of Barbara Rosenberg's suit for wrongful death. At issue are the wrongful death acts of New York[1] and Texas,[2] two prior New York actions,[3] and the effect Texas gives to causes of action arising in foreign jurisdictions held to be time barred in those jurisdictions. We hold that the district court properly dismissed Barbara Rosenberg's wrongful death claim because the substantive law of New York bars any suit by a survivor when the decedent did not have a cause of action at the time of his death. Additionally, we find that Mrs. Rosenberg's wrongful death claim is barred by the laws of Texas.

### I. *How it all Began*

Stanley Rosenberg, Barbara Rosenberg's deceased husband, was employed from 1961 to 1965 at the New York Naval Shipyard in Brooklyn. While an employee at the shipyard, he was exposed to many asbestos products. Mr. Rosenberg was diagnosed as having asbestosis in November of 1976, and as having malignant mesothelioma in April of 1978. Mr. and Mrs. Rosenberg brought suit in New York state court in April of 1978 against the Celotex Corporation (Celotex) alleging that Mr. Rosenberg had contracted malignant mesothelioma from exposure to and use of Celotex's asbestos products. The Rosenbergs sought recovery in strict liability, negligence, and breach of warranty. The New York state court, however, dismissed the Rosenbergs' complaint, finding that the statutes of limitations barred all grounds for recovery.[4] The district court's decision was affirmed by the New York Court of Appeals, in *The Matter of Steinhardt v. Johns-Manville*, 54 N.Y.2d 1008, 446 N.Y.S.2d 244, 430 N.E.2d 1297 (1981), *cert. denied sub nom. Rosenberg v. Johns-Manville Sales Corp.*, 456 U.S. 967, 102 S.Ct. 2226, 72 L.Ed.2d 840 (1982).

Stanley Rosenberg died on June 3, 1980. On December 4, 1981, Barbara Rosenberg, as executrix of her husband's estate, filed a

---

1. N.Y. Est. Powers & Trust Laws, § 5–4.1 (McKinney, 1981)

2. Tex.Rev.Civ.Stat.Ann. art. 4678 (Vernon Supp. 1941–1985).

3. Both New York actions are unpublished. The state court action is styled as Memorandum Decision Supreme Court, New York County, Special Term, Part I, Sept. 4, 1979. The federal court action is styled as In Re Eastern District of New York Asbestos Litigation, Oct. 13, 1983.

4. In New York, a claim based on strict liability or negligence is governed by a three year statute of limitations pursuant to N.Y.Civ.Prac.Law § 214 (McKinney, 1970). The action accrues from the time of ingesting the harmful substance. (*See Thornton v. Roosevelt Hospital*, 47 N.Y.2d 780, 417 N.Y.S.2d 920, 391 N.E.2d 1002 (1979)). Breach of warranty is governed by a four year statute of limitations provided for by UCC § 2–725 (McKinney 1964), and the action accrues from the date the defective product is sold. Since Stanley Rosenberg's last exposure to asbestos had been in 1965, more than 10 years before bringing suit, his claim was barred on all the grounds asserted.

wrongful death suit in federal district court in New York. The federal court dismissed her claim,[5] holding that New York law requires that at the time of death the decedent have a valid claim against the defendant. By definition a time barred claim is not a valid claim.

On June 2, 1982, one day short of the second anniversary of her husband's death, Mrs. Rosenberg filed a wrongful death suit in federal district court in Texas. The district court granted Celotex's motion for summary judgment based on the prior New York decisions. The court stated that full faith and credit required it to respect the previous New York determinations. On appeal Mrs. Rosenberg asserts that the district court misapplied both the Constitution's full faith and credit clause and the laws of Texas. However, after reviewing the New York and Texas wrongful death acts, and the many cases brought under them, we conclude that the district court correctly dismissed Mrs. Rosenberg's claim.

## II. *Following the Erie Trail*

■ Under the *Erie* doctrine, a federal court sitting in diversity must apply the substantive law of the forum state and federal procedural law. *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 85 L.Ed. 1188 (1938). State substantive law includes a state's conflict of laws rules. *Klaxon v. Stentor Electric Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). The Texas conflict of laws rules mandate the application of New York substantive law and Tex-

as procedural law to this case, since New York is the state of the most significant contacts and defendants are residents of Texas. *See Gutierrez v. Collins*, 583 S.W.2d 312 (Tex.1979). Further, the Texas statute governing wrongful death in a foreign state, article 4678, Tex.Rev.Civ.Stat. Ann. (Vernon Supp.1941–1985) provides that "all matters pertaining to procedures shall be governed by the laws of this state, and the court shall apply such rules of substantive law as are appropriate under the facts of the case." The validity of Mrs. Rosenberg's claim is thus dependent on the substantive law of New York governing wrongful death and the procedural laws of Texas.

### A. *Substantive Law of New York*

■ The New York Wrongful Death Act is set out in § 5–4.1 of the New York Estate Powers and Trust Law (McKinney, 1970):

The personal representative, duly appointed in this state or any other jurisdiction, of a decedent who is survived by distributees may maintain an action to recover damages for a wrongful act, neglect or default which caused the decedent's death *against a person who would have been liable to the decedent by reason of such wrongful conduct if death had not ensued.* Such an action must be commenced within two years after the decedent's death. When the distributees do not participate in the administration of the decedent's estate under a will appointing an executor who

5. In this appeal Mrs. Rosenberg asserts that her claim was dismissed by the federal district court for lack of diversity jurisdiction. However, the record shows that in his opinion Judge Sifton critically reviewed New York's substantive law and stated that "the New York courts have ruled that Mr. Rosenberg's underlying personal injury claims were time barred during his lifetime, [thus] no wrongful death claim may be maintained by his personal representative.... Accordingly, plaintiff Rosenberg's claims based on diversity of citizenship must be dismissed." This language plainly shows that Mrs. Rosenberg's wrongful death action was dismissed on the merits and not on diversity of citizenship

grounds. Judge Sifton is a well-known jurist; he is far more intimate with the substantive law of New York in his role as an *Erie* judge than we are. However, even if Mrs. Rosenberg's claim in federal court had been dismissed for lack of diversity rather than on the merits, the district court in Texas would have properly dismissed her wrongful death action because it expired as a cause of action under the substantive law of New York. Thus, while Judge Sifton's opinion is further evidence that Mrs. Rosenberg had no cause of action in New York, it is not necessary for us to rely upon it for our determination today.

refused to bring such action, the distributees are entitled to have an administrator appointed to prosecute the action for their benefit. (emphasis added).

The New York statute is patterned after the original Wrongful Death Act, Lord Campbell's Act, Stat. 9 and 10 Vict. Chap. 93, 1846, which allows recovery:

> [w]hensoever the death of a person shall be caused by wrongful act, neglect, or default, and the act, neglect, or default *is such as* would, (if death had not ensued) have entitled the party injured to maintain an action and recover damages.... (emphasis added).

New York does not use the conditioning language "is such as." Instead, New York defines the right to bring the action in terms of the liability of the tortfeasor-defendant. Thus, New York allows the decedent's representative a cause of action only in cases where the defendant *would have been liable* to the decedent. *See generally* 167 A.L.R. 894. The New York Court of Appeals has interpreted the state's wrongful death statute to mean that "no action should be maintainable under it unless the decedent, *at the time of his death,* could have maintained an action." *Kelliher v. New York Cent. and H.R.R. Co.,* 212 N.Y. 207, 105 N.E. 824, 825 (1914) (emphasis added). In *Kelliher,* the court held that the wrongful death claim brought by the decedent's personal representative was barred by the running of the statute of limitations on the decedent's underlying personal injury claim. Subsequent New York decisions have followed *Kelliher* in holding that the representative's ability to maintain an action depends upon a valid subsisting claim in the decedent's favor at the time of his death. *See Myers v. City of Plattsburgh,* 214 N.Y.S.2d 773, 13 A.D.2d 866 (1961) (not maintainable when decedent's personal injury action time-barred at death); *Prink v. Rockefeller Center, Inc.,* 48 N.Y.2d 309, 422 N.Y.S.2d 911, 398 N.E.2d 517 (1979) (not maintainable when decedent's death caused by suicide); *Johnson v. Stromberg-Carlson Telephone Mfg.*

*Co.,* 276 N.Y. 621, 12 N.E.2d 607 (1937), *cert. denied,* 305 U.S. 645, 59 S.Ct. 150, 83 L.Ed. 416 (1938) (not maintainable when underlying personal injury claim time-barred at death); *Emery v. Rochester Telephone Corp.,* 271 N.Y. 306, 3 N.E.2d 434 (1936) (not maintainable when no direct interference with decedent's person). These decisions clearly establish that New York views the liability of a defendant to a decedent at the time of his death as a statutory condition precedent to, and an essential element of, any representative's wrongful death claim. Indeed, New York holds that if any essential element of the cause of action is lacking—such as the right of the injured party to bring suit—there is a failure to state a claim for wrongful death. *Emery,* 3 N.E.2d at 434, 435–36.

■ Despite the long held and clearly established precedents of New York, on this appeal Mrs. Rosenberg maintains that the statute of limitations governing her husband's personal injury claim is not a substantive part of her cause of action for wrongful death. She argues that the bar of the statute of limitations is merely procedural. Accordingly, she contends that even though her *remedy* has been barred in the courts of New York, her *right* of action for wrongful death remains valid— provided she can find a jurisdiction which will recognize it. She contends that Texas is such a jurisdiction. However, the cases relied upon by Mrs. Rosenberg refer only to the necessity to bring a wrongful death action within two years of the decedent's death, as explicitly required by the New York Wrongful Death Act. None of her authorities address New York's statutory requirement that an action may be maintained *only* when the defendant would have been liable to the decedent if death had not ensued. Neither do they abrogate or overrule the clear New York authority that the lack of a valid claim at the time of the decedent's death acts as a bar to the right of the personal representative to bring a wrongful death action.[6] Since Cel-

---

**6.** Mrs. Rosenberg cites *Sharrow v. Inland Lines*    *Ltd.,* 214 N.Y. 101, 108 N.E. 217 (1915), and

otex was not liable to Stanley Rosenberg at the time of his death under New York law, it follows that Barbara Rosenberg can make no claim under the New York wrongful death statute.

Admitting that she has no remedy in New York, Mrs. Rosenberg filed suit in Texas for her husband's wrongful death. She contends that Texas recognizes a cause of action for Mr. Rosenberg's wrongful death because she filed it within two years of his death. In effect, Mrs. Rosenberg asserts that even though New York bars her cause of action, Texas does not. She maintains that the Texas conflicts of laws rules would apply New York substantive law—where she claims she has a right to a wrongful death cause of action—and Texas procedural law. If Texas applies its own

statute of limitations as procedural law she maintains her action must go forward.

### B. *Back to Texas Law*

■ By the terms of Article 4678 Tex. Rev.Civ.Stat.Ann. (Vernon Supp.1941–1985) an action for wrongful death occurring in a foreign state may be brought in a Texas court when "a right to maintain an action and recover damages is given by the statute or law of such foreign state...."[7] Thus, even though Article 4678 indicates Texas procedural law will apply to foreign based wrongful death actions, a precursor is the existence of a valid foreign cause of action. The Texas Supreme Court has interpreted the language of Article 4678 as requiring that "one invoking the jurisdiction of our courts under the article must establish that he has *at that time* 'a right to maintain an action and recover damages'

---

*Carrick v. Central General Hospital,* 51 N.Y.2d 242, 434 N.Y.S.2d 130, 414 N.E.2d 632 (1980), in support of her argument that she still possesses rights, albeit without remedies, under New York law. However, in *Sharrow,* the discussion involved an amendment to the Wrongful Death Act in 1880 which removed the two year limitation on bringing an action from the statute's proviso and placed it in a separate sentence. The court concluded that because of this change the two year limitation was now merely "a limitation on the remedy and not upon the right." 214 N.Y. at 110, 108 N.E. at 220. *Sharrow* did not discuss *Kelliher's* requirement that the defendant be liable to the decedent at the time of death. In short, while this characterization seems at first blush to support Mrs. Rosenberg, it has not been used by subsequent New York decisions to apply to the statute of limitations on the underlying personal injury claim.

In *Carrick,* the only question raised and decided by the Court of Appeals was whether New York Civil Practice Law, § 205(a), (McKinney, 1970), which permits a six month extension of an applicable statute of limitations when an action has been "timely commenced and is terminated in any other manner than by ... a final judgment on the merits," is available to a plaintiff whose wrongful death action has been dismissed solely for want of a duly appointed administrator. *Carrick* did not even consider the question ruled upon directly in *Kelliher*; that the bar of the statute of limitations on the decedent's underlying personal injury claim affects the representative's substantive cause of action for wrongful death. Similarly, *Caffaro v. Trayne,* 35 N.Y.2d 245, 360 N.Y.S.2d 847, 319 N.E.2d 174 (1974) and *McDonough v. Cestare,* 159 N.Y.S.2d 616, 3 A.D.2d 201 (1957), app. den. 163 N.Y.S.2d 376, 3 A.D.2d 861 (1957), dealt

with the two year statute of limitations under the wrongful death statute. Neither decision addressed, let alone disturbed, the long stated necessity in New York that a valid underlying cause of action against the defendant must exist in the decedent's favor at the time of his death to enable a representative to bring a wrongful death action.

7. Article 4678 provides in full:
   Whenever the death or personal injury of a citizen of this State or of the United States, or of any foreign country having equal treaty rights with the United States on behalf of its citizens, has been or may be caused by the wrongful act, neglect or default of another in any foreign State or country *for which a right to maintain an action and recover damages thereof is given by the statute or law of such foreign State* or country or of this State, such right of action may be enforced in the courts of this State within the time prescribed for the commencement of such actions by the statutes of this State. All matters pertaining to procedures in the prosecution or maintenance of such action in the courts of this State shall be governed by the law of this State, and the court shall apply such rules of substantive law as are appropriate under the facts of the case. (emphasis added)
   *See also* Article 4672:
   The wrongful act, negligence, carelessness, unskillfulness or default mentioned in the preceding article must *be of such character as would, if death had not ensued, have entitled the party injured to maintain an action for such injury.* Acts 1860, p. 32; Acts 1887, p. 44; Acts 1st C.S.1892, p. 5; G.L. vol. 10, p. 369. (emphasis added).

under the statute or law of the state or country where the wrongful act or neglect occurred." *Francis v. Herrin Transportation Co.*, 432 S.W.2d 710, 712 (Tex.1968). *Francis* involved a case similar to the one before us. In *Francis* the court was required to determine whether a petitioner had, at the time suit was filed in Texas, a substantive right under Louisiana law to maintain the suit and recover damages. Texas cases subsequent to *Francis* have continued to recognize that a condition precedent to an action for death occurring in another state is whether the plaintiff has under Article 4678 the substantive right, at the time he brings the Texas suit, to maintain an action under the law of the state where the death or injury occurred. *Culpepper v. Daniel Industries, Inc.*, 500 S.W.2d 958 (Tex.Civ.App.—Houston [1st Div.] 1973, *ref'd n.r.e.*). Thus, it is clear that a claim for wrongful death cannot be maintained in Texas under Article 4678 where, as in Mrs. Rosenberg's case, the plaintiff does not have an existing right of action under the laws of the state where the wrongful death occurred.

## Conclusion

We hold that Mrs. Rosenberg is unable to maintain her wrongful death action in Texas because she has no substantive right of action under the law of New York which governs her claim, as is required by the Texas Act for death occurring in other states. Such a result is necessary in order to carry out the Texas Supreme Court's interpretation of Article 4678—to give a Texas forum for valid foreign causes of action without making Texas the forum for the world. Accordingly, it is not necessary to decide Mrs. Rosenberg's other contentions as it is clear that her claim is barred on the merits by New York and thus in Texas. Our decision is on the merits and not, as the district court may have stated (or intimated) as a matter of full faith and credit.

AFFIRMED.