Elaine Roselyn TENNIMON, et al.,
Plaintiff-Appellant,

v.

BELL HELICOPTER TEXTRON, INC.,
Defendant-Appellee.

No. 86–1909
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 7, 1987.

D.L. Middlebrooks, Charles J. Kahn, Jr., Pensacola, Fla., for plaintiff-appellant.

John W. Proctor, R. David Broiles, Brown, Herman, Scott, Dean & Miles, Fort Worth, Tex., for defendant-appellee.

Before RUBIN, RANDALL and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Elaine Tennimon appeals from the district court's grant of summary judgment in favor of Bell Helicopter Textron, Inc. ("Bell") on Bell's defense that Tennimon's wrongful death claims are barred by limitations. Because we agree with the district court that the statute of limitations has run on Tennimon's claims, we affirm.

I.

On March 28, 1973, Thomas Durwood Tennimon, Jr., Elaine Tennimon's husband, was killed in a crash involving a Huey Cobra Helicopter manufactured by Bell. The crash occurred at Fort Campbell, Kentucky. Tennimon was informed of her husband's death on the day of the crash. Tennimon contends that four days after she learned of the accident she asked the commanding officer at Fort Campbell the cause of the accident and was informed that the accident was caused by "pilot error." Apparently accepting this explanation, Tennimon made no further inquiries as to the cause of the crash until 1984, when Tennimon's mother called her attention to a newspaper article in the *Fort Worth Star-Telegram* which described a mechanical problem with the rotors in helicopters manufactured by Bell. After reading another article on alleged defects in Bell helicopters, this one published in the *Pensicola News Journal* on May 23, 1984, Tennimon contacted an attorney.

On September 26, 1984, more than eleven years after her husband's death, Tennimon sued Bell for wrongful death, alleging theories of warranty, negligence, and products liability, with federal jurisdiction premised on diversity of citizenship. Tennimon sued individually, as the personal representative of Thomas Tennimon's estate, and as next friend of her minor children, Thomas Durwood Tennimon III and Andrew Wayne Tennimon. The suit was originally brought in the United States District Court for the Southern District of Texas but, on Bell's motion, was transferred to the Northern District of Texas. On August 21, 1985, Bell filed a motion for summary judgment, arguing that Tennimon had failed to qualify as a personal representative of her husband's estate under either Florida or Kentucky law, and that, in any case, Tennimon's claims were barred by either the Florida or Kentucky statutes of limitations.

In a memorandum opinion filed on November 26, 1986, the district court granted Bell's motion for summary judgment. The district court, noting that the parties were in agreement that the 1973 Texas wrongful death statute, Tex.Rev.Civ.Stat.Ann. art. 4671, had no extra-territorial effect, held that Tennimon's claim for wrongful death must be founded on the law of either Florida, the Tennimon's domicile, or Kentucky, the place where the crash occurred. The district court concluded, however, that under Texas choice-of-law rules, a Texas court would apply the two-year Texas stat-

ute of limitations for wrongful death actions. Since the Texas statute of limitations applied to this case, the district court reasoned, any argument that the statute of limitations was tolled would also be decided according to Texas law. Turning to Tennimon's arguments that the statute of limitations had been tolled, the district court held that neither the "discovery rule" nor the doctrine of fraudulent concealment operated to toll the limitations period in this case. Finally, the district court held that the minority of Tennimon's sons did not toll the statute of limitations because the exclusive right to bring a wrongful death action under both Kentucky and Florida law is vested by statute in the personal representative of the decedent's estate, not in the decedent's children. Hence, the district court entered judgment dismissing Tennimon's complaint with prejudice. Tennimon filed a timely notice of appeal to this court.

On appeal, Tennimon argues that the district court erred in rejecting her argument that the statute of limitations did not begin to run until 1984, the time that Tennimon "discovered" that Bell might have been responsible for her husband's death, rather than at the time of her husband's death in 1973. Tennimon argues that she used due diligence to discover the cause of her husband's death by inquiring of the commanding officer at the base concerning the cause of the accident, and that, in any case, due diligence is a fact issue precluding summary judgment. Furthermore, Tennimon argues that, under Kentucky law, the statute of limitations was tolled as to her children's claims until she was appointed by a Florida state court as administrator of her husband's estate on September 23, 1985.

In response, Bell argues that because Tennimon is not qualified under Kentucky law as the personal representative of her husband's estate, she is not entitled to maintain this action for wrongful death, and that, even if she were so qualified, the Kentucky statute of limitations would be a

bar to this action. Bell argues further that the minority of Tennimon's children did not toll the statute of limitations under Kentucky law because this provision only applies when no other person can sue, and therefore does not apply in this case because the Kentucky wrongful death statute confers the exclusive right to sue on the personal representative. Bell argues that Tennimon's claims are also time-barred under Florida's one-year statute of limitations, which is not tolled during infancy. Finally, Bell argues that neither the discovery rule nor the doctrine of fraudulent concealment operated to toll the statute of limitations in this case.

## II.

Before addressing the arguments of the parties, we will first address the choice-of-law issue.

Under the *Erie* doctrine, a federal court sitting in diversity must apply the substantive law of the forum state and federal procedural law. *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). State substantive law includes a state's conflict of laws rules. *Klaxon v. Stentor Electric Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). *Rosenberg v. Celotex Corp.*, 767 F.2d 197, 199 (5th Cir.1985). Hence, a district court in Texas will apply Texas choice-of-law rules.

As noted above, the district court declined to decide whether the substantive law of Kentucky or that of Florida governed this action, but instead held that Tennimon's claims were barred under either Kentucky or Florida law. Similarly, Bell did not take a firm position on choice-of-law before either the district court or this court, except to take the position that the Texas wrongful death statute, which had no extra-territorial effect in 1973, does not apply in this case.[1] On appeal, Tenni-

---

1. Prior to 1975, the Texas wrongful death statute provided as follows:

 Whenever the death or personal injury of a citizen of this State or of the United States, or

 of any foreign country having equal treaty rights with the United States on behalf of its citizens, has been or may be caused by the wrongful act, neglect or default of another in

mon takes the position that Kentucky substantive law applies to this case. We agree with Tennimon that a Texas court would apply the Kentucky wrongful death statute in this case. In *Cox v. McDonnell-Douglas Corp.*, 665 F.2d 566 (5th Cir.1982), this court had occasion to analyze the Texas choice-of-law rules for wrongful death actions brought in Texas pursuant to the pre-1975 Texas wrongful death statute involving deaths occurring outside of Texas. After conducting an extensive review of the Texas case law on this issue, we concluded as follows:

> Thus, it appears (1) that the Texas courts interpret the pre–1975 article 4678 as a mandate to apply the judicially-created lex loci delicti rule in a foreign statutory wrongful death action, and (2) that the lex loci delicti rule, as interpreted by the Texas courts at the time article 4678 was enacted, calls for application of the law of the place of injury, even in instances where the injury and the act that causes the injury occur in different states.

*Id.* at 571; *see Gutierrez v. Collins*, 583 S.W.2d 312, 315 (Tex.1979). The substantive law of Kentucky, the jurisdiction in which Tennimon's husband was killed, therefore governs Tennimon's claims.

Turning to the issue of the statute of limitations to be applied in this case, the district court held that the Texas statute of limitations applicable to actions for wrongful death applied, since the applicable statutes of limitations in Kentucky and Florida were "procedural," rather than "substantive."[2] The district court also decided that since the Texas statute of limitations applied, any argument that the statute was tolled would also be decided according to Texas law. Hence, the district court applied Texas law to the issues of the applicability of the discovery rule and the doctrine of fraudulent concealment. The parties apparently do not dispute the application of either the Texas statute of limitations or of Texas tolling doctrines, although Tennimon also argues that the minority of her sons suspends the running of the statute of limitations under both Texas and Kentucky law. Hence, we will analyze this issue under both Texas and Kentucky law. We also note that, on appeal to this court, Tennimon has apparently abandoned her arguments based on fraudulent concealment, and argues only that the discovery rule operated to toll the statute of limita-

---

any foreign State or country for which a right to maintain an action and recover damages thereof is given by the statute or laws of such foreign State or country, such right of action may be enforced in the courts of this State within the time prescribed for the commencement of such action by the statutes of this State. The law of the forum shall control in the prosecution and maintainance of such action in the courts of this State in all matters pertaining to the procedure.

Tex.Rev.Civ.Stat.Ann. art. 4678. Article 4678 was interpreted by the Texas Supreme Court as having no extra-territorial effect. *See Marmon v. Mustang Aviation, Inc.*, 430 S.W.2d 182, 187 (Tex.1968). Although Article 4678 was amended in 1975 to give it extra-territorial force, the Texas Supreme Court has held that the 1975 amendments to the Texas wrongful death statute are not to be applied retroactively. *See Gutierrez v. Collins*, 583 S.W.2d 312, 317 n. 3 (Tex.1979). Hence, we agree with the parties that the 1973 Texas wrongful death statute would not provide Tennimon with a cause of action for a death occurring outside of Texas, and that Tennimon must therefore base her wrongful death claim on the wrongful death statute of another state.

**2.** Texas courts apply the Texas statute of limitations to wrongful death actions unless the foreign limitations period is "substantive" rather than "procedural"; the foreign limitations period is considered to be substantive when the foreign statute creating the right incorporates a limitation period. *See State of California v. Copus*, 158 Tex. 196, 201, 309 S.W.2d 227, 230–31, *cert. denied*, 356 U.S. 967, 78 S.Ct. 1006, 2 L.Ed.2d 1074 (1958). This court has noted that the Texas Supreme Court has indicated that, regardless of whether a foreign jurisdiction's statute of limitations for wrongful death is characterized as "substantive" or "procedural," a Texas plaintiff suing under the 1973 version of article 4678 might have to meet the statute of limitation requirements of both Texas and the foreign jurisdiction. *See Cox v. McDonnell-Douglas Corp.*, 665 F.2d 566, 571–72 (5th Cir. 1982) (discussing *Click v. Thuron Indus., Inc.*, 475 S.W.2d 715 (Tex.1972) and *Francis v. Herrin Transp. Co.*, 432 S.W.2d 710 (Tex.1968)). We need not reach this issue because of our conclusion that Tennimon's claims are barred under either Texas' or Kentucky's statute of limitations.

tions in this case until 1984, the time that Tennimon discovered that the helicopter built by Bell might have been defective. Hence, we give only cursory consideration to the district court's disposition of this issue.

Hence, Tennimon's arguments for reversal center on the discovery rule as applied by the Texas courts, and whether the minority of Tennimon's children operated to toll the statute of limitations under either Kentucky or Texas law. We will first address the discovery rule and then the issue of whether the statute of limitations was tolled in favor of Tennimon's minor sons.

### III.

#### A. The Discovery Rule

 Turning first to Tennimon's claim that the discovery rule operated to toll the running of the statute of limitations in this case, we think that Texas law fails to support this contention. First, and foremost, the very language of the Texas statute of limitations for wrongful death clearly and unequivocally provides that limitations begin to run on a wrongful death claim on the date of death. The statute provides as follows:

> (b) A person must bring suit not later than two years after the day the cause of action accrues in an action for injury resulting in death. The cause of action accrues on the death of the injured person.

Tex.Civ.Prac. & Rem.Code Ann. § 16.003(b) (Vernon 1986). In deciding a case under the similarly-worded predecessor statute to section 16.003(b), article 5526(5),[3] a federal district court in Texas stated as follows:

> Plaintiff's argument that the discovery rule should similarly be applied under article 5526(5) in wrongful death cases such as these, however, misconceives both the nature of this rule and the inherent limitations upon the ability of the

courts to fashion from whole cloth judicial exceptions to legislative acts. The discovery rule is a judicially conceived test to be applied in determining when a plaintiff's cause of action accrued. In the absence of legislative definition and specification, the question when a cause of action accrues is a judicial one; courts are called upon to fashion general rules of accrual to effectuate the policy of repose underlying statutes of limitations without permitting unnecessary injustices. Where, however, as in article 5526(5), the Legislature has clearly and unequivocally prescribed that a cause of action accrues on the occurrence of a specified event, the courts are without power to fashion a different rule for determining when a cause of action accrues.

*Stiles v. Union Carbide Corp.*, 520 F.Supp. 865, 868 (S.D.Tex.1981) (citations omitted). Furthermore, if any court were to hold that the discovery rule is an exception to this seemingly unambiguous declaration of the Texas Legislature, it should be a Texas court in the first instance, not a federal court sitting in a diversity case. *E.g., Nelson v. Krusen*, 678 S.W.2d 918, 922 (Tex. 1984) (statute of limitations in medical malpractice actions which would abolish the discovery rule in such cases held to violate the open courts provision of the Texas Constitution). The Texas courts, however, have not chosen to extend the discovery rule in wrongful death cases to toll the running of limitations until the plaintiff discovers that he has a cause of action. *See, e.g., Love v. Zales Corp., Inc.*, 689 S.W.2d 282, 285 (Tex.App.—Eastland 1985, writ ref'd n.r.e.); *cf. Coody v. A.H. Robins Co.*, 696 S.W.2d 154, 156 (Tex.App.—San Antonio 1985, no writ) (discovery rule "does not operate to toll the running of the limitation period until such time as plaintiff discovers all of the elements of a cause of action"); *Otis v. Scientific Atlanta, Inc.*, 612 S.W.2d 665, 666 (Tex.Civ.App.—Dallas

---

**3.** Article 5526(5) provided as follows:
 There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:

 . . . . .

5. Action for injury done to the person of another where death ensued from such injury; and the cause of action shall be considered as having accrued at the death of the party injured.
Tex.Rev.Civ.Stat.Ann. art. 5526(5) (Vernon Supp. 1980–81).

1981, writ ref'd n.r.e.) (in property damage case, limitations run from date the injury is discovered, not from the date of discovery of the responsible party). Based on the clear language of section 16.003(b) and the above authorities, we hold that limitations in this case began to run on March 28, 1973, the date that Tennimon's husband was killed.[4] The district court was therefore correct in holding that, under Texas law, Tennimon's claim for the wrongful death of her husband was barred by limitations.[5]

### B. Tolling for Minors Under Texas and Kentucky Law

■ Tennimon also argues that, assuming that limitations operate to bar her claims, they do not bar the claims of her minor sons, which are tolled during the period of their minority under either Texas or Kentucky law.[6] We agree with the district court that the Texas tolling statutes are not helpful to Tennimon's case because, under the substantive law of Kentucky, Tennimon's minor sons have no cause of action for wrongful death; instead, Kentucky's wrongful death statute vests the right to bring suit exclusively in the personal representative of the decedent. *See* Ky.Rev.Stat.Ann. § 411.130(1) (Michie/Bobbs-Merrill 1972). The Kentucky courts have frequently and consistently held that the right to bring an action for wrongful death in Kentucky is exclusively

---

**4.** Although, as noted above, the parties apparently do not challenge the district court's conclusion that the Texas statute of limitations applies to this case, we note that the Florida courts do not extend the discovery rule in wrongful death cases to the plaintiff's discovery of the cause of action. *See, e.g., Walker v. Beech Aircraft Corp.,* 320 So.2d 418, 420 (Fla. 3d DCA 1975), *cert. dismissed,* 338 So.2d 843 (Fla.1976). Similarly, it is the Kentucky rule that limitations in wrongful death cases run from the date of death. *See Farmers Bank & Trust Co. of Bardstown v. Rice,* 674 S.W.2d 510, 512 (Ky. 1984). *See also* W. Keeton, D. Dobbs, R. Keeton & D. Owen, *Prosser and Keeton on the Law of Torts* § 127, at 957 (5th ed. 1984) (noting that the majority rule is that limitations in wrongful death actions begin to run on the date of death and that courts so far have rejected applying the discovery rule to wrongful death actions). Tennimon's claims, therefore, would also be barred by limitations under both Kentucky and Florida law. Hence, to the extent that Texas law requires that a plaintiff proceeding in Texas courts under a foreign wrongful death statute have a viable cause of action under the foreign statute *at the time* that suit is filed, the bar of limitations under Kentucky and Florida law would operate to bar Tennimon's claims in a Texas court or in a federal court applying Texas choice-of-law principles. *See Rosenberg v. Celotex Corp.,* 767 F.2d 197, 201–02 (5th Cir.1985); *Cox v. McDonnell-Douglas Corp.,* 665 F.2d 566, 571–72 (5th Cir.1982); *Click v. Thuron Indus., Inc.,* 475 S.W.2d 715, 716 (Tex.1972); *Francis v. Herrin Transp. Co.,* 432 S.W.2d 710, 712–13 (Tex. 1968).

**5.** Although Tennimon has apparently abandoned her argument before the district court that the doctrine of fraudulent concealment operates to toll the running of limitations in this case, we address it briefly for the sake of completeness. The Texas Supreme Court recently summarized the law of fraudulent concealment in the context of a medical malpractice action. It stated:

> Fraudulent concealment is based upon the doctrine of equitable estoppel. In the proper case, invocation of fraudulent concealment estops a defendant from relying on the statute of limitations as an affirmative defense to plaintiff's claim. Where a defendant is under a duty to make disclosure but fraudulently conceals the existence of a cause of action from the party to whom it belongs, the defendant is estopped from relying on the defense of limitations until the party learns of the right of action or should have learned thereof through the exercise of reasonable diligence.

> Because the physician-patient relationship is one of trust and confidence, Texas recognizes a duty on the part of the physician to disclose a negligent act or fact that an injury has occurred. Failure to disclose in such situations constitutes fraudulent concealment which will prevent the wrongdoer from perpetrating further fraud by using limitations as a shield.

*Borderlon v. Peck,* 661 S.W.2d 907, 908 (Tex. 1983). As *Borderlon* makes clear, the mere failure to disclose a cause of action will not constitute fraudulent concealment unless there is a relationship of "trust and confidence" giving rise to a duty to disclose. Tennimon has alleged no such relationship in the instant case. Hence, the district court's grant of summary judgment was proper as against Tennimon's contention that the doctrine of fraudulent concealment operated to estop Bell from relying on the statute of limitations.

**6.** For the Kentucky and Texas statutes which suspend the running of limitations during infancy, see Ky.Rev.Stat.Ann. § 413.170(1) (Michie/Bobbs-Merrill 1972); Tex.Civ.Prac. & Rem. Code Ann. § 16.001(a)(1) (Vernon 1986).

vested in the personal representative. *Wheeler v. Hartford Accident & Indemnity Co.*, 560 S.W.2d 816, 819 (Ky.1978). As noted above, whatever claim for wrongful death that Tennimon or her minor children possess must be based on Kentucky law. Because Tennimon's children had no claim for wrongful death under the Kentucky wrongful death statute, the Texas statute suspending limitations during infancy does not aid them.

■ Tennimon also contends that because she did not qualify as a personal representative until September 23, 1985, the statute of limitations was tolled under Kentucky law in favor of her minor children until she received letters of administration. The Sixth Circuit recently had occasion to review Kentucky jurisprudence on this subject. That court summarized Kentucky law as follows:

> It has been a long-standing requirement that the [wrongful death] action must be filed by the legal personal representative of the estate within one year. *Louisville & Nashville R.R. Co. v. Brantley's Administrator*, 106 Ky. 849, 51 S.W. 585 (1899). Further, if no valid personal representative is appointed within one year of the date of death, any action for wrongful death dies. *Fentzka's Adm'r v. Warwick Construction Co.*, 162 Ky. 580, 172 S.W. 1060 (1915). However, if a personal representative is appointed within one year of the date of death, he then is granted one year from the date of his appointment to file suit. If no suit is filed within that time, the action for wrongful death dies. *Brantley's Administrator*, 106 Ky. at 854.

*Drake v. B.F. Goodrich Co.*, 782 F.2d 638, 641–42 (6th Cir.1986). Our independent review of the cases relied upon by our sister circuit and cited to us by the parties leads us to conclude that Tennimon's position is unsupported by Kentucky law.[7] Tennimon's failure to qualify as the personal representative of her husband's estate did not toll the running of the statute of limitations under Kentucky law. Instead, the result is that, under Kentucky law, the statute of limitations barred Tennimon's wrongful death claim one year after the death of her husband. Hence, we reject Tennimon's argument that the minority of her sons operated to suspend the statute of limitations under either Texas or Kentucky law.

IV.

For the above reasons, the judgment of the district court is AFFIRMED.

---

7. Tennimon cites this court to the case of *Louisville & N.R. Co. v. Sanders*, 86 Ky. 259, 5 S.W. 563 (1887), in support of her argument. *Sanders*, however, is distinguishable from the case *sub judice* because, as the court's opinion in *Sanders* makes clear, at the time *Sanders* was decided the right to bring a wrongful death action was not vested exclusively in the personal representative of the deceased, but was instead vested in *"the widow, heir, or personal representative." See id.* at 261, 5 S.W. at 563. As noted above, Tennimon's sons have no cause of action for wrongful death under Kentucky law. Furthermore, the opinion in *Sanders* is, at best, only indirectly supportive of Tennimon's position. In *Sanders*, the court held that limitations ran against the minor children of the deceased when the qualified personal representative failed to sue within the statute of limitations. *Id.* at 264, 5 S.W. at 565. Tennimon reasons from this case that where there is no qualified representative who can maintain the wrongful death suit, limitations do not run against the children of the deceased. This argument assumes, of course, that the decedent's children have a cause of action for wrongful death under Kentucky law. Such is not the case, however. Hence, we reject this argument.