## INTERWEST MEDICAL CORPORATION

v.

**LONGTERM CARE FOUNDATION OF AMERICA, Paradigm Corporation and Pacific Coast Health Management Corporation.**

**Civ. A. No. CA4–90–299–A.**

United States District Court,
N.D. Texas,
Forth Worth Division.

Sept. 25, 1990.

Robert S. Travis, Cantey & Hanger, Fort Worth, Tex., plaintiff.

Rick L. Bruner, pro hac vice, Fry & Waller Co., L.P.A., Columbus, Ohio, for all defendants.

Michael F. Pezzulli, Charles J. Fortunato, Dallas, Tex., for Longterm Care Foundation of America and Paradigm Corp.

## ORDER

McBRYDE, District Judge.

Came on for consideration the motion of defendants Longterm Care Foundation of

---

America, Paradigm Corporation and Pacific Coast Health Management Corporation to dismiss plaintiff's First Amended Complaint. The Court has considered the motion and the response of plaintiff, Interwest Medical Corporation. For the reasons that follow, the motion is granted in part and denied in part.

I.

■ Count I of plaintiff's First Amended Complaint alleges a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.* Defendants have moved to dismiss Count I, contending that plaintiff has (1) failed to allege an actionable pattern of activity under RICO; (2) failed to allege the continuity required by RICO; and (3) failed to plead the existence of a RICO enterprise and the predicate acts of mail and wire fraud with sufficient particularity.

Pursuant to 18 U.S.C. § 1961(5), a pattern "requires at least two acts of racketeering activity within a ten-year period." *Howell Hydrocarbons, Inc. v. Adams,* 897 F.2d 183, 190 (5th Cir.1990). The United States Supreme Court has concluded that a pattern of racketeering activity requires proof that "the racketeering predicates are related, *and* that they amount to or pose a threat of continued criminal activity." *H.J., Inc. v. Northwestern Bell Telephone Co.,* — U.S. —, 109 S.Ct. 2893, 2900, 106 L.Ed.2d 195 (1989). Predicate acts are related if they have the same or similar purposes, results, participants, victims, or methods of commission, or are interrelated and not isolated events. 109 S.Ct. at 2901. Whether the acts amount to or pose a threat of continued criminal activity depends on the facts of the individual case. 109 S.Ct. at 2902. In any event, predicate acts extending over a few weeks or months and threatening no future criminal conduct do not meet the test. *Id.; Menasco, Inc. v. Wasserman,* 886 F.2d 681 (4th Cir.1989).

In *Menasco,* investors brought suit against an individual and several corporations alleging violations of RICO and state common law. The investors alleged that they had been fraudulently induced to invest in the oil development business. In particular, they alleged that defendants had misrepresented to them that, as partners in a venture, they would all pay the same price for certain oil and gas interests, when in fact, the prices charged the investors were inflated. In addition, the investors alleged that defendants (1) solicited from them assignments of rights of action used to benefit defendants and not the investors; (2) conspired with the lessor of a well to terminate a lease on the well and renegotiated the lease to the detriment of the investors; and (3) transferred substantial interests so as to shelter funds and become judgment proof. The Fourth Circuit examined the investors' allegations and determined that they failed to satisfy the continuity prong of RICO's pattern requirement. The Court found that the defendants' actions were narrowly directed toward a single fraudulent goal of defrauding the investors with respect to their oil interests. The Court further found that the allegations involved only one perpetrator and one set of victims and that the transaction took place over approximately one year. The Court held that clearly such acts did not constitute on-going unlawful activities whose scope and persistence posed a special threat to social well-being. 886 F.2d at 684. Moreover, nothing in the defendants' actions suggested a distinct threat of racketeering activity, either implicit or explicit. *Id.* The investors' allegations that defendants' fraudulent acts constituted a regular way of conducting their ongoing legitimate business lacked the specificity needed to show a distinct threat of continuing racketeering activity.

Likewise, in the case at bar, plaintiff's pleadings lack the specificity needed to show a distinct threat of continuing racketeering activity. Without passing on the legal sufficiency of the several predicate acts or the RICO enterprise alleged in this case, it appears that the sole purported victim of a single scheme is complaining of a single injury, to wit: economic loss from its sale of a nursing home. The allegation of multiple acts of fraud that were part and parcel of a single, discrete and otherwise lawful commercial transaction is in-

sufficient to properly raise a RICO claim. *Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241, 244 (5th Cir.1988), *cert. den.*, —— U.S. ——, 109 S.Ct. 1531, 103 L.Ed.2d 836 (1989). Accordingly, Count I of plaintiff's First Amended Complaint will be dismissed.

## II.

■ The remainder of plaintiff's claims are based on state law and common law causes of action, which will require the Court to determine which state's law will govern the various claims. Because a federal district court must abide by the substantive law of the forum state, this Court must apply Texas choice of law principles. *Rosenberg v. Celotex Corp.*, 767 F.2d 197, 199 (5th Cir.1985). The Texas Supreme Court has adopted the *Restatement (Second) of Conflicts* test for resolving choice of law questions:

... in all choice of law cases, except those contract cases in which the parties have agreed to a valid choice of law clause, the law of the state with the most significant relationship to the particular substantive issue will be applied to resolve that issue.

*Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex.1984). Because plaintiff in this case asserts both contract and tort claims, the laws of different states may apply. *Independent Petrochemical Corp. v. Aetna Cas. & Sur. Co.*, 674 F.Supp. 354, 356 (D.D.C.1987).

Counts III, V, VI and XII clearly allege contract causes of action. The contract the subject of this suit was primarily negotiated in California and was executed there. Moreover, the contract contains a valid choice of law provision selecting California law as the law governing the contract. Accordingly, it appears that California law probably will apply to the contract causes of action. *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 677 (Tex.1990).

Counts II, IV, VIII, IX and XI allege tort causes of action under specific Texas statutes as well as common law. Defendants argue that the tort claims, like the contract claims, should be governed by California

law. In determining which law to apply, this Court must consider which state has the most significant relationship to these claims. The factual matters to be considered when applying general choice of law principles are set forth in *Restatement (Second) of Conflict of Laws* § 145, which provides:

(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties....

(2) Contacts to be taken into account in applying the [general choice of law principles] include:

(a) the place where the injury occurred,

(b) the place where the conduct causing the injury occurred,

(c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered.

These contacts are to be evaluated according to their relative importance with respect to the particular issue.

*Crisman v. Cooper Industries*, 748 S.W.2d 273, 277 (Tex.App.—Dallas 1988, writ denied).

■ Taking the foregoing factors into account and also considering that plaintiff's tort claims are closely intertwined with its contract causes of action, the indication from the facts now pleaded is that California will be the state with the most significant relationship with the tort issues. As a general rule, the issue of non-disclosure in contract negotiation and formation is appropriately resolved according to the law of the state where the negotiation took place and where the contract was formed. *Independent Petrochemical*, 674 F.Supp. at 356.

The foregoing analysis notwithstanding, the Court finds that the record is not sufficiently developed at this time to rule on choice of law issues. Viewing the allegations in the light most favorable to plaintiff

**470**

and accepting as true all facts well pleaded, as the Court must in its review, the Court finds that plaintiff has stated cognizable tort and contract claims. *Ward v. Hudnell,* 366 F.2d 247, 249 (5th Cir.1966). Defendants' motion to dismiss Counts II, III, IV, V, VI, VIII, IX, XI, and XII will be denied.

The Court ORDERS that Count I of plaintiff's First Amended Complaint be and is hereby dismissed for failure to state a cognizable RICO claim. The Court further ORDERS that the remainder of defendant's Motion to Dismiss Plaintiff's Amended Complaint be and is hereby denied.